## JULIUS N. STUMPF v. STATE.

No. A-996.   Opinion Filed September 5, 1911.

(117 Pac. 648.)

APPEAL AND ERROR—Time of Appeal—Extension of Time—Necessity. Though accused in a misdemeanor case procured orders extending the time for making and serving a case-made, as required by Comp. Laws 1909, sec. 6951, where the appeal was not taken within 60 days from judgment, and he did not procure an order extending the time for taking an appeal, pursuant to section 6948, requiring misdemeanor appeals to be taken within 60 days, and authorizing the trial court for good cause to extend the time for appeal not exceeding 60 days longer, the appeal will be dismissed; it being necessary to comply with both statutes.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court; James S. Twyford, Special Judge.*

Julius M. Stumpf was convicted of violating the prohibitory law, and appeals. Appeal dismissed.

*Taylor, Pruiett & Sniggs,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted in the county court of Oklahoma county on the 11th day of July, 1910, on a charge of selling intoxicating liquor, and on the 8th day of October thereafter was sentenced to serve six months in the county jail, and pay a fine of $500. From the date of judgment and sentence plaintiff in error was given 40 days to make and serve case-made. No time was fixed within which to file the appeal in this court. On the 17th day of November thereafter an additional order was made extending the time within which

to make and serve case-made for a period of 30 days from the
17th day of November.   On the 16th day of December there-
after another order was made extending the time within which
to make and serve case-made 30 days from the 17th day of De-
cember.   Neither of these orders made an extension of the time
within which the appeal should be perfected in this court.

The Attorney General has filed the following motion to dis-
miss the appeal:

"First.   Because there is no judgment of the court incor-
porated in the case-made of conviction against this plaintiff
in error from which an appeal may be taken.   (See page 55
Record.)   Second.   Because the pretended case-made shows that,
if any judgment was rendered in this case, it was rendered on
the 8th day of October, 1910, as plaintiff in error was sentenced
on that date, and no time was then given in which to file case-
made in the Criminal Court of Appeals.   This being a conviction
for a misdemeanor, the appeal must be taken within 60 days
after the judgment is rendered, unless the trial court extend
the time not to exceed 60 days.   There was no extension of time
allowed and the notices of appeal (see Record pages 60 and 61)
were not served on the county judge and county attorney until
December 15, 1910, more than 60 days after the rendition of
judgment, and the case-made was not filed in this court until
January 16, 1911, long after the time for taking the appeal as al-
lowed by section 6948, Snyder's Compiled Laws of Oklahoma
1909, had expired."

The grounds set forth in the second paragraph appear to be
well taken.   Section 6948 of Snyder's Statutes contains the fol-
lowing:

"In misdemeanor cases the appeal must be taken within six-
ty days after the judgment is rendered; provided, however, that
the trial court or judge may, for good cause shown, extend the
time in which such appeal may be taken not exceeding sixty
days.   In felony cases the appeal must be taken within six months
after the judgment is rendered, and a transcript in both felony
and misdemeanor cases must be filed as hereinafter directed."

Under this statute an appeal must be taken in this court
within 60 days from the date of judgment by the trial court,
unless the time is for good cause shown extended by the trial

court. In this case the court extended the time within which to make and serve case-made, but made no order relative to the time within which the appeal should be perfected. The court could not limit the time to less than 60 days within which to take the appeal, but could extend it for good cause shown, not to exceed 120 days. This it was not asked to do, and did not do.

Section 6951, Snyder's Statutes, among other things, provides that:

"  *   *   *   party desiring to have any judgment or order of the district court (superior county court), or county court, or judge thereof, reversed by the Supreme Court (Criminal Court of Appeals), may make a case containing a statement of so much of the proceedings and .evidence or other matters in the action as may be necessary to present the errors complained of to the Supreme Court (Criminal Court of Appeals). The case so made, or copy thereof, shall within thirty days after the judgment or order is entered, be served upon the opposite party, or his attorney, who may, within three days thereafter, suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendments shall be submitted to the judge, who shall settle and sign the same and cause it to be attested by the clerk or county judge, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. Such original case-made shall be filed with the petition in error. The exceptions stated in the case shall have the same effect as if they had been reduced to writing, allowed and signed by the judge at the time they were taken. The court or judge may, upon good cause shown, extend the time for making a case and the time within which the case may be served.   *   *   * "

These two provisions are in separate sections of the statute, neither making any reference to the other. This court has repeatedly held that these are plain mandatory provisions and must be complied with before this court acquires jurisdiction to review the judgment of the trial court on appeal. Plaintiff in error secured the order provided for in section 6951, but failed to secure that provided for in section 6948.

It is just as essential to have the order of the trial court extending the time within which to perfect the appeal as it is to

6 Cr.—6

have the time extended within which to make and serve case-made.

The motion of the Attorney General to dismiss on this ground is sustained. The appeal is accordingly dismissed.