LAURA HYNEMAN v. STATE.

No. A-842.

FRANK BORNHEIM v. STATE.

No. A-843.

MARION HAGELMAN v. STATE.

No. A-844.

O. T. WRIGHT v. STATE.

No. A-845.

W. R. MAGILL v. STATE.

No. A-846.

J. C. STEWART v. STATE.

Nos. A-852, 853.

H. RIGGERT v. STATE.

No. A-861.

Opinion Filed November 10, 1911.

(118 Pac. 616.)

APPEAL—Conviction of Misdemeanor—Time of Taking Appeal. Comp. Laws 1909, sec. 6948, provides that appeals from misdemeanor cases must be taken within 60 days after judgment rendered,

but that the court may, for good cause, extend the time, not exceeding 60 days. **Held**, where, for good cause shown, the statutory time is extended, the record must affirmatively show such extension, and that the order was made before the expiration of 60 days after judgment rendered.

(Syllabus by the Court.)

Laura Hyneman, Marion Hagelman, O. T. Wright, W. R. Magill, J. C. Stewart (in two cases), and H. Riggert, were convicted of violations of the prohibitory law, and Frank Bornheim was convicted of keeping a disorderly house, and they all separately appeal. Dismissed.

*Andrews & Day,* for plaintiff in error Bornheim. *Stanfield & Rutherford,* for plaintiffs in error Hagelman and Magill. *Stanfield & Cochran,* for plaintiff in error Wright. *Castleman & Lawson,* for plaintiff in error Stewart. *Jennings & Levy,* for plaintiff in error Riggert.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, Laura Hyneman, was convicted in the county court of Pittsburg county of a violation of the prohibition law, and was on May 26, 1910, sentenced to serve a term of 30 days in the county jail, and to pay a fine of $50. An appeal was attempted to be taken by filing in this court on July 26, 1910, a petition in error with case-made; this being 61 days after the judgment was rendered.

The plaintiff in error, Frank Bornheim, was convicted in the county court of Pittsburg county of the crime of keeping a bawdy-house, and was on May 26, 1910, sentenced to pay a fine of $250, and that he be confined in the county jail until such fine is paid or satisfied according to law. An appeal was attempted to be taken by filing in this court on July 26, 1910, a petition in error with case-made; this being 61 days after the judgment was rendered.

The plaintiff in error, Marion Hagelman, was convicted in the county court of Creek county of a violation of the prohibition

law, and was on March 28, 1910, sentenced to serve a term of 60 days in the county jail, and to pay a fine of $200. An appeal was attempted to be taken by filing in this court on July 27, 1910, a petition in error with case-made; this being 121 days after the judgment was rendered.

The plaintiff in error, O. T. Wright, was convicted in the county court of Creek county of a violation of the prohibition law, and was on March 28, 1910, sentenced to serve a term of 30 days in the county jail, and to pay a fine of $150. An appeal was attempted to be taken by filing in this court on July 27, 1910, a petition in error with case-made; this being 121 days after the judgment was rendered.

The plaintiff in error, W. R. Magill, was convicted in the county court of Creek county of a violation of the prohibition law, and was on March 28, 1910, sentenced to serve a term of 60 days in the county jail, and to pay a fine of $200. · An appeal was attempted to be taken by filing in this court on July 27, 1910, a petition in error with case-made; this being 121 days after the judgment was rendered.

The plaintiff in error, J. C. Stewart, was convicted in the county court of Jackson county of a violation of the prohibition law, and was on June 6, 1910, sentenced to serve a term of 30 days in the county jail, and to pay a fine of $50. An appeal was attempted to be taken by filing in this court on August 6, 1910, a petition in error with case-made; this being 61 days after the judgment was rendered.

The plaintiff in error, J. C. Stewart, was convicted in the county court of Jackson county of a violation of the prohibition law, and was on June 6, 1910, sentenced to serve a term of 60 days in the county jail, and to pay a fine of $300. An appeal was attempted to be taken by filing in this court on August 6, 1910, a petition in error with case-made; this being 61 days after the judgment was rendered.

The plaintiff in error, H. Riggert, was convicted in the county court of Oklahoma county of a violation of the prohibition law,

and was on April 21, 1910, sentenced to serve a term of 60 days in the county jail, and to pay a fine of $200. An appeal was attempted to be taken by filing in this court on August 15, 1910, a petition in error with case-made.

The aforesaid causes were assigned for hearing and final submission at this term of court on November 8th. No appearance was at that time made on behalf of the plaintiffs in error. In each of said causes the Attorney General has filed a motion to dismiss the appeal for the reason that the appeal was not taken within the limit of time prescribed by the statute, and for the further reason that no specific order of the trial court or judge thereof extending the statutory time for taking the appeal is shown in any of the case-mades. The statute provides (section 6948, Snyder's) :

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. * * *"

Under this section the appeal must be taken within 60 days after the judgment is rendered, but for good cause shown the trial court or judge thereof may extend the statutory time not exceeding 60 days additional, thus fixing 120 days as the maximum limit of time for taking an appeal in misdemeanor cases. Where, for good cause shown, the statutory time is extended by the trial court or judge thereof, the record must affirmatively show such order of extension, and that the same was made before the expiration of 60 days after the judgment was rendered.

In the case of *Stumpf v. State, infra,* 117 Pac. 648, it is said:

"Under this statute an appeal must be taken in this court within 60 days from the date of judgment by the trial court, unless the time is for good cause shown extended by the trial court. In this case the court extended the time within which to make and serve a case-made, but made no order relative to the time within which the appeal should be perfected. The court could not limit the time to less than 60 days within which to take the appeal, but could extend it for good cause shown, not

to exceed 120 days. This it was not asked to do, and did not do. * * * These two provisions (section 6948 and section 6951) are in separate sections of the statute, neither making any reference to the other. This court has repeatedly held that these are plain mandatory provisions, and must be complied with before this court acquires jurisdiction to review the judgment of the trial court on appeal. Plaintiff in error secured the order provided for in section 6951, but failed to secure that provided for in section 6948. It is just as essential to have the order of the trial court extending the time within which to perfect the appeal as it is to have the time extended within which to make and serve case-made."

From a careful examination of the record in each of the foregoing causes, we are clearly of the opinion that this court for the reasons stated is without jurisdiction thereof.

The motions to dismiss are sustained. It is therefore ordered that said attempted appeals be, and the same are hereby, dismissed.