## Ex parte RIGGERT.

No. 4035.   Opinion Filed July 20, 1912.

(125 Pac. 485.)

1. **CRIMINAL LAW—Judgment—Correction.** Where a defendant is tried, convicted, and sentenced to imprisonment, but, by the error of the clerk, the judgment is not entered on the records of the court, the error may be corrected at any time by an order nunc pro tunc. Following **Ex parte Lydia Howland,** 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840.

2. **SAME—Execution of Sentence—Imprisonment.** The prisoner having been formally convicted, and not having served his sentence, and the judgment of conviction not being stayed as provided by law, he may be apprehended as on escape and placed in custody on the unexecuted judgment.

    (a) Expiration of time, without imprisonment, is in no sense an execution of the sentence. Following **Ex parte John Eldridge,** 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967.

(Syllabus by the Court.)

Original petition by H. Riggert for writ of *habeas corpus.* Petition denied.

*Pruiett, Sniggs & Wilson,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., opposed.

WILLIAMS, J.   On June 4, 1912, the petitioner petitioned this court for his discharge under writ of *habeas corpus.* The facts appear to be as follows:

In State of Oklahoma v. H. Riggert, No. 1,835, in the county court of Oklahoma county, the defendant was proceeded against by information for the crime of selling intoxicating liquor. In February, 1910, he was duly tried before said court, and the jury returned a verdict of guilty thereon. On April 21, 1910, he was sentenced to confinement in the county jail of Oklahoma county for a period of 60 days, and adjudged to pay a fine of $200 and costs, all of which appears from the journal entry. Afterwards an appeal was prosecuted to the Criminal Court of Appeals. On November 11, 1911, said appeal was dismissed. 6 Okla. Cr. 338, 118 Pac. 616.

On May 22, 1912, an order of commitment was issued, and the petitioner was incarcerated under said sentence. Prior to said date, both by the district court of Oklahoma county and the Criminal Court of Appeals, on an application for *habeas corpus,* upon the ground that no proper entry had been made of the judgment sentencing the prisoner in accordance with the verdict, the petitioner was released upon *habeas corpus;* but thereafter, by a *nunc pro tunc* order, such judgment was duly entered in said county court in accordance with the verdict of the jury. The petitioner having been apprehended, after the entering of said judgment *nunc pro tunc,* said commitment was issued.

In *Ex parte Howland,* 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840, it was held by the Criminal Court of Appeals:

"Where a defendant is tried, convicted, and sentenced to imprisonment, but, by error of the clerk, the judgment is not entered on the records of the court, the error may be corrected at any time by an order *nunc pro tunc.*"

In *Ex parte John Eldridge,* 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967, it was held by the same court that:

"Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and ordered into custody on the unexecuted judgment."

And, further, that:

"Expiration of time, without imprisonment, is in no sense an execution of the sentence."

These decisions by the Criminal Court of Appeals, under the rule announced in *Ex parte Tom Anderson, ante,* 124 Pac. 980, will be followed by this court.

. It is insisted that the rule announced in *Ex parte John Eldridge, supra,* is in conflict with that announced by this court in *Ex parte Clendenning,* 22 Okla. 108, 97 Pac. 650, 19 L. R. A. (N. S.) 1041, 132 Am. St. Rep. 628. It is not essential here to determine whether such conflict exists; for, under the rule announced in *State ex rel. Ikard v. Russell, Judge, ante,* 124 Pac. 1092, as to all such matters we follow the construction of the Criminal Court of Appeals.

The petition for writ of *habeas corpus* is denied.

HAYES and KANE, JJ., concur; TURNER, C. J., and DUNN, J., absent, and not participating.