## SMITH *v.* STATE.

### Opinion delivered October 7, 1912.

COSTS—INDICTMENT FOR FELONY AND CONVICTION OF MISDEMEANOR.— Where a defendant was indicted for a felony and convicted of a misdemeanor of the same generic class, and had no property out of which a judgment for costs could be made, the county is liable for the costs that accrued on the trial of the felony charge, and it was error to order that . defendant be imprisoned or hired out to pay such costs.

Appeal from Craighead Circuit Court, Jonesboro District; *Frank Smith*, Judge; reversed.

#### STATEMENT BY THE COURT.

Appellant was indicted and tried for a felony. He was convicted of a misdemeanor of the same generic class, and, in

default of the payment of the fine and costs, it was adjudged that he be committed to jail. The costs in the case amounted to $239.25. Appellant moved to retax the costs, setting up that he was acquitted of the felony charge, and that he was only liable for costs consisting of prosecuting attorney's fee, $10, jury tax $3, and clerk's costs $1.40, aggregating $14.40. He prayed that the costs be retaxed, so that he might be relieved of the payment of all except this amount. The uncontradicted evidence showed that the defendant did not have the property to pay the costs. The court overruled the motion, and defendant appealed.

*J. F. Gautney, J. M. Raines* and *S. R. Simpson,* for appellant.

Where a defendant is indicted for a felony and acquitted of felony but convicted of misdemeanor, the county is liable for the costs. The motion to retax should have been granted. 64 Ark. 125; 100 Tenn. 307; 47 S. W. 221.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

In all misdemeanors the defendant is liable for the costs. Kirby's Dig., § 2470. 64 Ark. 125 can be distinguished from this case. In that case it was *agreed* that defendant had no property out of which the costs could, be made and section 2470, Kirby's Digest, is not applicable.

WOOD, J., (after stating the facts). In *Boone County* v. *Mitchell,* 64 Ark. 125, Mitchell and others sued Boone County for fees of officers and witnesses incurred in a felony case wherein the accused was acquitted of the felony, but convicted of a misdemeanor of the same generic class. In that case we held that the county was liable for the costs, the defendant having no property out of which a judgment for costs could be made. The same rule applies here.

Section 2469 of Kirby's Digest provides: "Fees allowed in criminal cases shall be paid by the defendant, but if sufficient property belonging to the defendant can not be found for that purpose, they shall be paid by the county where the conviction is had, except in such cases of misdemeanor where the county is not to be liable."

Section 2470 provides: "In all criminal or penal cases

pending under indictment in the circuit court, if the defendant shall be acquitted or *nolle prosequi* entered by the attorney for the State, except in cases where the prosecutor shall be adjudged to pay the costs, or, in case of felony, if the defendant shall be convicted and shall not have the property to pay the costs, the same shall be paid by the county."

Under these statutes, where defendants are indicted for felonies and acquitted of the felonies and convicted of misdemeanors included in the indictment, if they "shall not have the property to pay the costs, the same shall be paid by the county." Since the county in such cases is liable for and must pay the costs, as held in *Boone County* v. *Mitchell, supra,* it necessarily follows that the appellant could not be imprisoned or hired out to pay such costs. There is no provision in the statute authorizing imprisonment or hiring out of parties convicted of misdemeanors on indictments and trials for felonies, for the purpose of paying the costs that accrued on the trial of such felony charge.

The words "cases of misdemeanor," as used in section 2469 of Kirby's Digest, mean cases where parties are charged solely with the commission of a misdemeanor and tried and convicted on such charge, and not cases where the indictment and trial is for a felony, although finally resulting in conviction for a misdemeanor included in the indictment.

The words "cases of felony," as used in section 2470, *supra,* refer to cases where the indictment and trial is for a felony, including a misdemeanor of the same generic class as the felony. Where parties are indicted and tried for felonies, such cases are regarded as felony cases under section 2470, *supra,* although the accused may only be convicted of a misdemeanor included in the felony charge.

The court therefore erred in overruling the motion to retax the costs for which error the judgment is reversed, and the cause remanded with directions to grant the prayer of the motion.