## GRANT HAMLIN v. STATE.

No. A-2674.   Opinion Filed March 15, 1916.

(155 Pac. 904.)

APPEAL—Dismissal. Procedure Criminal, sec. 5991, Rev. Laws, provides that: "In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered; provided, however, the trial court or judge may for good cause shown extend the time in which such appeal may be taken not exceeding sixty days." **Held,** that in such cases the appeal is taken by filing in this court a petition in error with case-made attached, or transcript of the record, together with proof of service of notices of appeal as required by the statute, and when this is not done within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such an appeal will be dismissed.

(Syllabus by the Court.)

*Appeal from County Court, Creek County;*
*Vick S. Decker, Judge.*

Grant Hamlin, convicted of violating the prohibitory law, appeals. Appeal dismissed.

*Burt & Shaha,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   On an information charging that in Creek county, on or about the 23rd day of April, 1915, the defendant, Grant Hamlin, did have in his possession three cases of whisky and two hundred bottles of beer, with the unlawful intent to sell the same, he was tried and convicted in the County Court of Creek county.   On the 11th day of September, 1915, the court rendered judgment and sentenced said defendant to be confined in the county jail for sixty days and to pay a fine of one hundred dollars.   From the judgment rendered, an appeal was attempted to be taken by filing in this court on March 11, 1916, a petition in error with case-made attached.

The attorney general has filed a motion to dismiss the appeal for the reason that the appeal was not filed within the statutory time allowed by section 5991 Rev. Laws.   It appearing on the face of the record· that said appeal was filed just six months after the judgment was rendered.

Our Procedure Criminal provides that:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered, provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

Section 5991 Rev. Laws.

In this case the time for filing the petition in error in this court expired the 9th day of January, 1915.   This court has uniformly held that in order to confer jurisdiction on this court to review a judgment appealed from, the appeal must be taken within the time prescribed by the statute.

In the case of *Bandy* v. *State,* 5th Okla. Cr. 397, 114 Pac. 341, it is said:

"We believe that the statute requiring appeals in misdemeanor cases to be taken within 60 days and permitting the

trial court or judge for good cause shown to extend the time not exceeding 60 days is a reasonable statute, calculated to promote swift and sure justice. Where an appeal is not perfected by filing in this court a petition in error with case-made attached, or a transcript of the record, together with proof of service of notices of appeal as required by section 5991 Rev. Laws, within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed."

For the reasons stated the motion to dismiss the appeal is sustained and the cause remanded to the County Court of Creek county with direction to enforce the judgment and sentence. Mandate forthwith.