## J. M. PINCHBACK v. STATE.

No. A-3072.   Opinion Filed February 16, 1918.

(170 Pac. 714.)

1.  **APPEAL AND ERROR—Review—Statute.** The right of appeal is regulated by statute. The time within which an appeal must be lodged with the clerk of this court and all the duties imposed upon the person appealing, as well as the privileges granted such person, are defined by section 5991 of the Statutes (Rev. Laws 1910), and these provisions must be substantially complied with. Otherwise this court cannot review a record on the merits.

2.  **APPEAL AND ERROR—Case-Made—Extension of Time.** An order made by a trial court, extending the time within which to make and serve a case-made, does not automatically extend the time within which to file the appeal. All such orders should cover both the time within which to make and serve case-made and the time within which to file the appeal, as provided in sections 5991 and 6007, Rev. Laws 1910. Both these sections must be complied with.

*Appeal from County Court, Jefferson County;*
*E. L. Dillard, Judge.*

J. M. Pinchback was convicted of carrying concealed weapons, and he appeals. Dismissed.

*Bridges & Vertrees,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Plaintiff in error, J. M. Pinchback, was convicted at the April, 1917, term of the county court of Jefferson county, on the charge of unlawfully carrying concealed weapons, and his punishment fixed at a fine of $25 and imprisonment in the county jail for a period of 20 days. The judgment was entered in the trial court on the 12th day of April, 1917. The appeal was lodged in this court on the 12th day of July, 1917.

The Attorney General has filed a motion to dismiss the appeal on the ground that the plaintiff in error did not secure an order from the trial court extending the statutory time within which to file his appeal, and that, therefore, the filing of the appeal by lodging with the clerk the petition in error with case-made attached, on the 12th day of July, 1917, more than 60 days after the rendition of the judgment, was too late to give this court jurisdiction to determine the questions raised in the assignments of error.

The proposition here raised was determined by this court in *Stumpf v. State,* 6 Okla. Cr. 761, 117 Pac. 648, and *Hyneman v. State,* 6 Okla. Cr. 341, 118 Pac. 616, and many others.

The right to appeal is regulated by statute. The time within which an appeal must be filed and all the privileges and duties of the person taking the appeal are defined by the statute. Section 5991, Rev. Laws 1910, among other things, provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

In the Stumpf Case, *supra,* discussing this statute, it was said:

"Under this statute an appeal must be taken in this court within sixty days from the date of judgment by the trial court, unless the time is for good cause shown extended by the trial court. In this case the court extended the time within which to make and serve case-made, but made no order relative to the time within which the appeal should be perfected. The court could not limit the time to less than sixty days within which to take

the appeal, but could extend it for good cause shown, not to exceed 120 days. This it was not asked to do, and did not do."

In the case under consideration the Attorney General's motion to dismiss is based upon the same ground as that in the Stumpf Case. Extensions of time were secured from the trial court within which to make and serve case-made, but no order was secured for an extension of time within which to perfect the appeal. In many of the cases in which motions have been filed to dismiss, based upon the defects disclosed in the Stumpf Case, dismissals have been avoided by the filing of *nunc pro tunc* orders made by the trial court, showing that he intended to or did make orders extending the time within which the appeal could be filed at the same time extensions were granted for making and serving the case-made.

This court has been very liberal in sustaining this practice. It is the policy of the law to grant the right of review on appeal, and the appellate courts are not inclined to sustain objections to the jurisdiction to review an appeal on its merits when the statutory provisions have been substantially complied with. There are two sections of the statute which govern these matters; the first, section 5991, Rev. Laws 1910, *supra*, governing the making of an order by the trial court fixing the time within which the appeal may be taken and governing the trial court in extending the period for filing the same. Section 6007, Rev. Laws 1910, governs the making and service of case-made, and authorizes the court to make orders extending the same, etc. The language of this section is as follows:

"On a judgment of affirmance against the defendant, the original judgment must be carried into execution, as the appellate court may direct."

As said in the Stumpf Case *supra,* they are two separate and distinct provisions of the statute, neither having reference to nor controlling the other. The provisions are plain and mandatory, and must be complied with in order to give this court jurisdiction to review an appeal on its merits.

In the case under consideration, counsel undertook to secure from the court a *nunc pro tunc* order covering the deficiencies complained of, but the trial court refused to make the same. The contention, therefore, that the appeal should not be dismissed is wholly untenable, and has no semblance of merit upon which to stand.

It follows, therefore, that the motion to dismiss should be sustained, and the appeal accordingly dismissed.

It is so ordered.

DOYLE, P. J., and MATSON, J. concur.