## NATE HOLLY v. STATE.

No. A-3192.    Opinion Filed June 17, 1919.

(181 Pac. 518.)

**APPEAL AND ERROR—Extension of Time for Filing Appeal—Statute.**
An order made by a trial court extending the time within which to make and serve a case-made does not automatically extend the time within which to file the appeal. All such orders should cover both the time within which to make and serve case-made and the time within which to file the appeal, as provided in sections 5991 and 6007, Rev. Laws 1910. Both these sections must be complied with.

(Syllabus by the Court.)

*Appeal from County Court, Kiowa County;*
*J. L. Carpenter, Judge.*

Nate Holly was convicted of a violation of the prohibitory liquor law, and he appeals. Appeal dismissed, and cause remanded, with directions.

*Thos. W. Conner.* and *J. R. Hunter,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Nate Holly, was convicted in the county court of Ottawa county on a charge that he did sell one-half pint of whisky to one J. T. Brown, and in accordance with the verdict of the jury was sentenced to be confined for 30 days in the county jail and to pay a fine of $50. On September 10, 1917, judgment was rendered on the verdict. On November 12th an appeal was attempted to be perfected by filing in this court on November 12, 1917, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal on the ground that the case-made contains no order extending the time beyond 60 days for filing an appeal in this court, citing section 5991, Rev. Laws 1910; *Stumpf v. State,* 6 Okla. Cr. 159, 117 Pac. 648; *Hamlin v. State,* 12 Okla. Cr. 321, 155 Pac. 904; *Rhodes v. State,* 12 Okla. Cr. 86, 162 Pac. 230; *Gunter v. State,* 13 Okla. Cr. 83, 162 Pac. 231.

In *Pinchback v. State,* 14 Okla. Cr. 302, 170 Pac. 714, this court held:

"An order made by a trial court extending the time within which to make and serve a case-made does not automatically extend the time within which to file the appeal. All such orders should cover both the time within which to make and serve case-made and the time within which to file the appeal, as provided in sections 5991 and 6007, Rev. Laws 1910. Both these sections must be complied with."

It therefore follows that the motion of the Attorney General to dismiss the appeal should be sustained. It is so ordered, and the purported appeal herein is dismissed,

and the cause remanded to the trial court, with direction to enforce its judgment and sentence.