### WILSON SMITH v. STATE.

No. A-3288.   Opinion Filed Aug. 19, 1919.

(183 Pac. 515.)

Appeal from District Court, McCurtain County; C. E. Dudley, Judge.

Wilson Smith was convicted of the crime of embezzlement, and sentenced to serve a term of two years' imprisonment in the state penitentiary, and he appeals. Modified and affirmed.

Jeff McLendon, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. Wilson Smith was convicted in the district court of McCurtain county of embezzlement, and his punishment fixed as above stated.

This appeal has been pending in this court since the 13th day of March, 1918, the cause having been submitted June 5, 1919, at which time no appearance was made by any counsel representing plaintiff in error, nor has any brief been filed in his behalf. Rule 9 (12 Okla. Cr. viii, 165 Pac. x) of this court provides:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court and the exceptions taken thereto, and the judgment and sentence, and, if no prejudicial error appears, will affirm the judgment."

It is to be noted also that the case-made contains no copy of any supersedeas bond given by the defendant. The judgment was rendered on the 22d day of September, 1917, with directions to the sheriff of McCurtain county to immediately transport the defendant to the state penitentiary at McAlester. Presuming that the judgment was carried into effect according to its terms, the defendant has already served,

allowing time for good behavior, the two-year term of imprisonment imposed against him, and the questions involved in this appeal would for that reason be moot.

Where an appeal is taken to this court from a judgment of conviction, and the record fails to show that the judgment was superseded by the giving of the required supersedeas bond in the court below, the presumption obtains in this court that said judgment was immediately carried into effect according to its terms by the incarceration of the prisoner in the penitentiary, where such imprisonment is provided in the judgment. And where it is apparent that, had said judgment been carried into effect, the term of imprisonment would have been served, and no appearance is made in this court by counsel representing the defendant, either to orally argue the case or by filing a brief in behalf of his client, this court will, in its discretion, either dismiss the appeal because the questions involved are moot, or else affirm the judgment under the provisions of rule 9, supra.

This appeal has evidently been abandoned. An examination of the pleadings, instructions, judgment, and sentence discloses no prejudicial error. However, the journal entry of judgment shows that the court pronounced judgment as of a conviction for the crime of "robbery," sentencing the defendant to imprisonment for a term of two years. The minimum punishment provided for robbery, under the statutes of this state, is five years' imprisonment. The information charges the crime of embezzlement, the court charged on that crime, and the jury returned a verdict of "guilty as charged in the information," imposing a punishment of two years' imprisonment in the penitentiary.

The incorporation of the word "robbery" in the journal entry of judgment is clearly a clerical error. The judgment is modified by substituting the word "embezzlement" for the word "robbery" in each instance where the latter word appears in the journal entry of judgment, and, as so modified, the judgment is affirmed under rule 9, supra.