## ED. STORY v. STATE.

No. A-2959—Opinion Filed Feb. 23, 1920.

(187 Pac. 508.)

(Syllabus.)

APPEAL AND ERROR—Time—Misdemeanor Case. An appeal in a misdemeanor case must be taken within 60 days from the rendition of the judgment appealed from by filing with the clerk of this court a petition in error, with case-made or transcript of the record attached, with proof of notices of appeal, unless the time in which such appeal may be perfected is extended as authorized by section 5991, Rev. Laws 1910; and, when an appeal is not so perfected, this court does not acquire jurisdiction of the appeal, and such attempted appeal will be dismissed.

*Appeal from County Court, Woodward County.*

Ed Story was convicted of violating the prohibitory liquor laws, and he appeals. Appeal dismissed and cause remanded, with instructions.

*R. H. Nichols,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Plaintiff in error, Ed. Story, was informed against for unlawfully conveying intoxicating liquor from one to another place in this state, convicted

and sentenced to imprisonment in the county jail for 30 days, and to pay a fine of $50. To reverse the judgment rendered he attempted this appeal. '

The judgment and sentence was pronounced on the 31st day of December, 1916, and on March 17, 1917, a petition in error with case-made attached, with proof of notices of appeal, was filed with the clerk of this court.

The Attorney General made a motion to dismiss the appeal upon the ground that the appeal was not timely taken. An examination of the record disclosing that the appeal had not been filed within 60 days of the rendition of the judgment, an opportunity was given the defendant to, if it could be done, have the record amended *nunc pro tunc*, as to show that the time in which to perfect the appeal was extended, and ample time has expired to have the same made and filed, and such amendment has not been offered.

We are impressed that the attorneys of the defendant acted upon the theory that the order made, extending the time in which to make and serve the case-made, automatically extended the time in which to file the appeal in this case in this court. Such theory is not correct, since the extension of time in which to make and serve a case-made and the time in which to file the appeal are in separate sections of the statutes, neither making any reference to the other, are plain mandatory provisions, each of which must be complied with before this court acquires jurisdiction to review the judgment of trial court on appeal. *Stumpf v. State,* 6 Okla. Cr. 159, 117 Pac. 648.

"An order made by a trial court, extending the time within which to make and serve a case-made, does not

automatically extend the time within which to file the appeal. All such orders should cover both the time within which to make and serve case-made, and the time within which to file the appeal, as provided in sections 5991 and 6007, Revised Laws. Both these sections must be complied with." *Holly v. State*, 16 Okla. Cr. 164, 181 Pac. 518; *Pinchback v. State*, 14 Okla. Cr. 302, 170 Pac. 714. (Section 6007, referred to in the above cited cases, is a misprint, and should read section 5244.)

Sixty days having elapsed from the rendition of the judgment attempted to be appealed from to the filing of the appeal in this court of the petition in error with case-made attached and proof of notices of appeal, and it not appearing from the record that the time in which to perfect the appeal has been extended, this court did not acquire jurisdiction of the appeal. *Hamlin v. State*, 12 Okla. Cr. 321, 155 Pac. 904; *Bandy v. State*, 5 Okla. Cr. 397, 114 Pac. 341.

The attempted appeal not having been filed in this court within the time provided by law, the motion to dismiss the attempted appeal is sustained. It is so ordered, and the cause remanded to the county court of Woodward county, with instructions to enforce the judgment and sentence.

DOYLE, P. J., and MATSON, J., concur.