## *Ex parte* WILSON SMITH.

No. A-3739.   Opinion Filed July 20, 1920.

(Syllabus.)

1.  **PUNISHMENT—Unexecuted Judgment—Rearrest.** Where a defendant is tried, convicted, and sentenced to imprisonment, and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and ordered into custody on the unexecuted judgment.

2.    **SAME—Imprisonment.** Expiration of time without imprisonment is in no sense an execution of the sentence, and, where the punishment is imprisonment, the sentence may be satisfied only by serving the imprisonment imposed, unless remitted by death or legal authority.

Petition by Wilson Smith for writ of *habeas corpus.* Writ refused.

*Jeff D. McLendon,* for petitioner.

The *Attorney General* and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   In this proceeding petitioner by his counsel, Jeff D. McLendon, presented to this court on April 1, 1920, a petition alleging that he is unlawfully imprisoned in the state penitentiary at McAlester and restrained of his liberty by Fred Switzer, warden of said institution; that said imprisonment is under and by virtue of a commitment issued on the 20th day of March, 1920, by the court clerk of McCurtain county, which commitment is predicated upon conviction of petitioner and judgment rendered in the district court of McCurtain county on the 22d day of September, 1917, sentencing him to serve a term of two years' imprisonment in the penitentiary on a charge of embezzlement; that petitioner prosecuted an appeal from said judgment to the Criminal Court of Appeals, and on the 19th day of August, 1919, said conviction was affirmed (see 16 Okla. Cr. 701, 183 Pac. 515) ; that in the opinion the court says that where the record fails to show that the judgment was superseded by the giving of the required supersedeas bond in the court below, the presumption obtains that the judgment was immediately carried into effect by incarceration in the penitentiary; that there was never any mandate in said cause spread upon the minutes or

journal of the district court of McCurtain county until the 27th day of March, 1920.

The Attorney General filed a general demurrer on the ground that said petition does not state facts sufficient to entitle petitioner to the relief prayed for.

It has been uniformly held by this court that, where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and ordered into custody on the unexecuted judgment, and that expiration of time without imprisonment is in no sense an execution of the sentence. See *Ex parte Eldridge,* 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967; *Ex parte Alexander,* 5 Okla. Cr. 196, 113 Pac. 993; *Ex parte Eley,* 9 Okla. Cr. 76, 130 Pac. 821; *Ex parte Riggert,* 33 Okla. 303, 125 Pac. 485.

It appearing that the application is insufficient to show that petitioner is entitled to the writ or rule to show cause, the demurrer is sustained, and the writ refused.

ARMSTRONG and MATSON, JJ., concurring.