### JOHN F. BOATRIGHT v. STATE.

No. A-3682. Opinion Filed May 26, 1921.

(198 Pac. 106.)

(Syllabus.)

1. **Appeal and Error—Time for Appeal—Extension of Time for Case - Made.** An order made by trial court extending the time within which to make and serve a case-made does not automatically extend the time within which to file the appeal. All

19—C. R. 4

such orders should cover both the time within which to make and serve case-made and the time within which to file the appeal, as provided in section 5991, Rev. Laws 1910.

2. **Same—Lack of Notice of Appeal and Summons in Error—Dismissal.** An appeal, when taken by the defendant from any judgment against him, is perfected by service of a notice upon the court clerk where the judgment was entered, stating that the appellant appeals from the judgment, and by service of a similar notice upon the county attorney (section 5992, Rev. Laws 1910), or by summons in error upon the Attorney General, unless the same is waived as in other cases (section 5997, Rev. Laws 1910), and where appellant, within the time allowed for taking an appeal, serves no notice of appeal upon the court clerk or county attorney, and no summons in error was issued and served upon the Attorney General, nor any waiver of the issuance of service ever made by him, or any general appearance entered by him, this court has no jurisdiction to entertain the appeal on its merits, and will dismiss it.

Appeal from County Court, Johnston County; C. M. Crowell, Judge.

John F. Boatright was convicted of a violation of the Prohibitory Liquor Law, and he appeals. Appeal dismissed.

Cornelius Hardy, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, John F. Boatright, was convicted on a charge that he did unlawfully have in his possession about 35 gallons of intoxicating liquors, to wit, Jamaica ginger, with the unlawful intent to sell the same. From this judgment the defendant attempted to perfect an appeal by filing in this court on January 10, 1920, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal for the following reasons:

"That judgment in said action was rendered on the 4th day of October, 1919, and that the appeal from said judgment was not lodged in this court until January 10, 1920, which was more than 60 days from the date of the rendition of said judgment, and it does not appear from the record that the trial court extended the time in which such appeal might be taken."

The statute provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Section 5991, Rev. Laws.

The record shows that extensions were secured from the trial court in which to make and serve a case-made, but no order was made extending the time fixed by the statute to file the appeal in this court.

In Pinchback v. State, 14 Okla. Cr. 302, 170 Pac. 714, this court held:

"An order made by a trial court extending the time within which to make and serve a case-made does not automatically extend the time within which to file the appeal. All such orders should cover both the time within which to make and serve case-made and the time within which to file the appeal, as provided in sections 5991 and 6007, Rev. Laws 1910. Both these sections must be complied with."

And see Stumpf v. State, 6 Okla. Cr. 161, 117 Pac. 648; Hyneman v. State, 6 Okla. Cr. 341, 118 Pac. 616.

The record shows merely a waiver by the county attorney of the issuance and service of summons in error. This is not sufficient to give this court jurisdiction. In Burgess v. State, 18 Okla. Cr. 574, 197 Pac. 173, this court held:

"Where appellant, within the time allowed for taking an appeal, served no notice of appeal upon the clerk of the court or county attorney, as provided by Rev. Laws 1910, § 5992, and no summons in error was issued and served upon the Attorney General, nor any waiver of the issuance and service ever made by him, within section 5997, or any general appearance entered by him, the Criminal Court of Appeals has no jurisdiction to entertain the appeal on its merits, and will dismiss it."

For the reason stated, the motion to dismiss the appeal is sustained, and accordingly the appeal is dismissed.

MATSON and BESSEY, JJ., concur.