## H. G. JONES v. STATE.

No. A-4379.  Opinion Filed Sept. 6, 1924.
(228 Pac. 532.)

Appeal from County Court, Washita County; J. T. Jackson, Judge.

H. G. Jones was convicted of a misdemeanor, and he appeals. Appeal dismissed.

E. L. Mitchell, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. On the 14th day of February, 1922, plaintiff in error was convicted in the county court of Washita county of a violation of section 2287, Compiled Statutes 1921. The information charged acts alleged to "openly outrage public decency and to be injurious to public morals." Punishment was assessed at a fine of $100 and imprisonment in the county jail for 30 days.

At the time of pronouncing judgment on the 14th day of February, 1922, the trial court allowed 60 days to defend-

ant to make and serve the case-made, but made no order extending the time in which to file this appeal beyond the 60 days allowed by statute. On the 13th day of April, 1922, the trial court made an additional order granting the defendant a further period of 30 days to make and serve the case-made, but made no order extending the time in which to file the appeal in this court. Again, on the 7th day of May, 1922, the trial court made an additional order extending the time to make and serve the case-made 30 days, but made no order extending the time in which to file the appeal in this court. The petition in error and case-made were not filed in this court until the 14th day of June, 1922, 120 days after the rendition of the judgment.

It has been repeatedly held by this court that an order extending the time in which to make and serve a case-made does not automatically extend the time in which to file the appeal in this court. Pinchback v. State, 14 Okla. Cr. 302, 170 Pac. 714, and cases cited.

The right to appeal is regulated by statute. The time within which an appeal must be filed and all of the privileges and duties of the person taking the appeal are defined by statute. Section 2808, Compiled Statutes 1921, governs the time within which an appeal must be taken in criminal cases. This statute in part provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

The record before us does not disclose that the statute regulating the time within which an appeal must be taken in a misdemeanor case was complied with, and the appeal is therefore dismissed.