## H. V. ZOBISCH v. GEARY.

No. A-4799.    Opinion Filed Feb. 28, 1925.
(233 Pac. 766.)

(Syllabus.)

Appeal and Error—Appeal in Misdemeanor Case, not Taken Within 120 Days, Dismissed. Procedure Criminal (section 2808, Comp. Stats. 1921) provides that "in misdemeanor cases the appeal must be taken within 60 days after judgment is rendered, provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days." Held: When an appeal in a misdemeanor case is not taken within the 120 days prescribed by the statute, the appeal will be dismissed, because this court is without jurisdiction to review the judgment.

Appeal from County Court, Blaine County; W. F. Duncan, Judge.

H. V. Zobisch was convicted of a violation of an ordinance of the city of Geary, and he appeals. Appeal dismissed.

A. G. Morrison, for plaintiff in error.

J. P. Wishard, for City of Geary.

PER CURIAM. The plaintiff in error was convicted in the county court of Blaine county, and was by the court on March 13, 1923, sentenced to pay a fine of $100. From the judgment an appeal was attempted to be taken by filing in this court on August 9, 1923, a petition in error with case-made.

J. P. Wishard, attorney for the city of Geary, on February 13, 1925, filed the following motion to dismiss the appeal:

"Comes now the defendant in error, the city of Geary, and shows to the court that this is a prosecution in the nature of a criminal charge brought by the city of Geary against the plaintiff in error, H. V. Zobisch, as shown by the complaints on pages 1 to 8 of case-made, inclusive, and that said appeal is from a judgment rendered in the county court on the 13th day of February, A. D. 1923, finding the said defendant guilty of misdemeanor and rendering a judgment thereon as shown in the case-made on pages 83 to 84, and which assessed a fine at $100 and costs taxed at $10.90, and that on the 13th day of March, A. D. 1923, a supersedeas bond was filed as shown in case-made on page 87, and that said proceedings were extended from time to time for a case-made until one was made and served on the 2d day of June, A. D. 1923, as shown in case-made on page 95, and was not filed in this court until the 9th day of August, A. D. 1923, as shown by the clerk's record and the filing marks on case-made. That in the orders of extension there is no extension of time to file the appeal in the Criminal Court of Appeals of the state of Oklahoma, and that the time for filing said case was never extended beyond the 60 days as shown by the various orders extending time for making and serving case-made as shown on pages 89 to 92 of case-made, and that the total time from the entry of judgment in this case until filed in this court is 176 days.

"Section 2808, Compiled Laws of Okla. 1921, time within which appeal must be taken: 'In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge

may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days.'

"This section has been construed by this court as follows: 'Extension of time for filing appeal is not automatically done. Order should cover both time within which to make and serve case-made and time within which to file appeal.' Holly v. State, 16 Okla. Cr. 164, 181 P. 518; Pinchback v. State, 14 Okla. Cr. 302, 170 P. 714.

"The court has further held as follows: 'The Criminal Court of Appeals has no jurisdiction to entertain an appeal from a judgment of conviction for a misdemeanor filed therein later than the 120th day after the rendition of the judgment, and an appeal filed after that time will be dismissed.' Shobe v. State, 16 Okla. Cr. 677, 181 P. 157.

"For the foregoing reasons we feel that this court is without jurisdiction, and that this appeal should be dismissed."

An examination of the record discloses that the motion to dismiss the appeal is well taken. The appeal herein is therefore dismissed.