## RED DAVIS v. STATE.

No. A-6972.  Opinion Filed Dec. 21, 1929.
(283 Pac. 586.)

Sigler & Jackson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county of assault and battery, and was sentenced to serve a term of 30 days in the county jail, and to pay a fine of $100.

Defendant was charged by information with a felony, an assault with intent to kill as defined by section 1756, Comp. St. 1921.  This statute includes lesser assaults, including assault and battery, a misdemeanor, as defined by sections 1760 and 1761, the punishment for which is

fixed by section 1763, Comp. St. 1921. The judgment was entered January 28, 1928. The appeal was lodged in this court April 10, 1928, more than 60 days after the judgment was rendered. Section 2808, Comp. St. 1921, is as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

No order was made extending the time in which the appeal should be filed in this court. The state has filed a motion to dismiss the appeal, for the reason that it was not filed within the time fixed by the statute, or within an extension fixed by the trial court. This court does not acquire jurisdiction of an appeal not filed within the time fixed by the statute. Pinchback v. State, 14 Okla. Cr. 302, 170 Pac. 714; Richards v. State, 16 Okla. Cr. 162, 181 Pac. 520; Boatright v. State, 19 Okla. Cr. 97, 198 Pac. 106; Buxton v. State, 41 Okla. Cr. 376, 273 Pac. 372.

Defendant contends that, since the defendant was tried upon a charge of felony, and was convicted of the included misdemeanor, the charge determines the nature of the case, and that he may appeal within the time fixed by the latter part of section 2808, Comp. St. 1921, as in felony cases; that is, within 6 months after the judgment is rendered. No case in point has been cited by the state, we have found none, and counsel for defendant state they have been unable to find any case sustaining their contention, but cite the case of Smith v. State, 105 Ark. 58, 150 S. W. 149, as being analogous.

Section 2805, Comp. St. 1921, provides that a defendant may appeal to this court from any judgment against him. He may not appeal prior to the rendering of the judgment. McLellen v. State, 2 Okla. Cr. 633, 103 Pac. 876; Stanton v. State, 23 Okla. Cr. 193, 213 Pac. 914, and authorities cited.

Could it have been the legislative intent that, where an accused is convicted in a district court of a misdemeanor as an included offense in a felony charge, he shall have 6 months to appeal therefrom, but, if he should have been convicted in the county court of the same offense where the original charge is of a misdemeanor, that he shall have 60 days for appeal or on extensions of time by the trial court not to exceed 120 days. We think not. The conviction is for a misdemeanor. The appeal, being from the judgment of conviction for a misdemeanor, is an appeal in a misdemeanor case, and is governed by the first part of section 2808, supra. It follows that the appeal was not taken in time, and the motion to dismiss must be sustained.

The appeal is dismissed.

DAVENPORT and CHAPPELL, JJ., concur.