Mac Q. Williamson, Atty. Gen., Raymond Barry, County Atty., Bill Fancher, Sp. Prosecutor, Hollis, for defendant in error.

---

Clark **HUNTER**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

No. A–12827.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1960.

Rehearing Denied March 16, 1960.

NIX, Judge.

Defendant was charged by information in the district court of Harmon County with a felony, an assault with a dangerous weapon. He was tried before a jury and convicted of the lesser and included offense of aggravated assault, a misdemeanor, and sentenced to pay a fine of $500.

Judgment and sentence was rendered against defendant on March 26, 1959. The record reflects that defendant served notice of appeal and was given 30 days from March 26, 1959, in which to prepare and serve casemade; 10 days thereafter to suggest amendments, and 5 days to settle casemade. On April 24 the court granted an extension of 30 days and on May 14 another extension of 30 days was granted. The casemade was settled on June 18, 1959, which was 84 days after judgment and sentence. Under the combined order of the court the defendant was given 90 days in which to prepare and serve casemade and 15 additional days in which to settle the same or a total of 105. However, the appeal was not filed in this court until September 22, 1959, 180 days after judgment and sentence.

The state has filed a motion to dismiss stating that this court has acquired no jurisdiction for the reason that said appeal was not lodged in this court within the

time prescribed by statute and in support thereof cites Title 22 O.S.A. § 1054 which in part reads as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

It is the contention of the defendant that since defendant was tried upon a felony charge and was convicted of the included misdemeanor offense, the charge determines the nature of the case, and that he may appeal within the time fixed by the latter part of Title 22 O.S.A. § 1054 which governs the time for appeal in felony cases.

This court has passed squarely upon this question in the case of Davis v. State, 45 Okl.Cr. 374, 283 P. 586, wherein the court said:

"When an accused is charged with a felony, and on such charge is convicted of a misdemeanor as an included offense, and appeals from such judgment of conviction, the time for appeal is governed by that part of section 2808, Comp.St.1921 relating to appeals in misdemeanor cases."

Defendant cites no authority contrary to the ruling adopted in the Davis case, supra, but does call attention to the fact that the decision was questioned by way of comment in the case of Pierce v. State, 96 Okl.Cr. 76, 80, 248 P.2d 633, 638, wherein Judge Powell says that the rule adopted in the Davis case:

"* * * is due reconsideration, not being based on reason and logic, as it would be if this State had adopted the rule as in a few states of the Union to the effect that a conviction of a lesser offense included in the indictment or information is a bar to prosecution for the greater offense on a new trial (59 A.L.R. 1163)."

Your writer is inclined to agree that logic and reasoning would seem to bar the prosecution for the greater offense in case of a new trial, where the rule announced in the Davis case, supra, is adhered to. However, research on the question of retrial on the greater offense reveals a sharp conflict in the authority and the question is not before this court in the instant case. Whether the conviction of the misdemeanor, an included offense of the felony charge, is a bar to a prosecution of the greater offense upon retrial has been passed on in the case of Watson v. State, 26 Okl. Cr. 377, 224 P. 368, wherein it was said:

"In this state a new trial granted on the motion of the defendant in a criminal case places the party accused in the same position as if no trial had been had. Upon such new trial the defendant may be tried and convicted of any offense embraced within the information, though of a higher grade than that of which he was found guilty at the first trial."

In this case there was no question as to whether the appeal was in time. The new trial was granted by the trial judge and the appeal involved the one question as to whether jeopardy had applied on the greater offense, a felony, and the rule adopted in the Davis case, supra, was not involved. It appears that if defendant is required to appeal as in misdemeanor case, a prosecution on the felony charge embraced in the information should be barred. If and when the court is confronted with that question, it will deserve the utmost consideration.

In the instant case the only question before the court is: Was the appeal lodged within the time prescribed by statute? Is it governed by the statute as it pertains to a misdemeanor or felony? The question has been decided conclusively in the Davis case heretofore cited.

The court is unanimous in its opinion that the case at bar offers no justification to reverse the precedent. The case made herein was settled more than three months before defense counsel saw fit to file it in this court. The casemade was settled within time to permit an appeal as prescribed

by statute in misdemeanor cases, yet it was permitted to lie dormant for three months before being lodged before this court. The court reaffirms the rule as laid down in the Davis case, supra. This court has acquired no jurisdiction and the attempted appeal is dismissed.

POWELL, P. J., and BRETT, J., concur.