## *In re* WILLIAM SHAW.

### July 17, 1883.

Conviction before Justice — When Commitment may issue.—When, upon conviction before a justice of the peace, one is adjudged to pay a fine or be imprisoned in the county jail for 30 days, or until the fine is paid, a commitment may be issued by the justice at any time while the judgment stands unexecuted, except during the pendency of an appeal.

Appeal by the state from an order of the district court for Rice county, *Buckham*, J., presiding, discharging one William Shaw, on *habeas corpus*, who had been committed by a justice of the peace, as stated in the opinion. A writ of *certiorari* to review the order of discharge was quashed. See *State* v. *Buckham*, 29 Minn. 462.

*W. J. Hahn*, Attorney General, and *A. D. Keyes*, for the State.

*T. H. Quinn*, for respondent.

BERRY, J. Upon conviction before a justice of the peace, Shaw was adjudged to pay a fine of $75, or be imprisoned in the county county jail for 30. days, or until the fine was paid. Within 10 days he served the statutory notice of appeal upon the county attorney, and entered into a recognizance, on account of the insufficiency of which his appeal was dismissed. Thereupon, the fine not having been paid, the justice issued a warrant of commitment. Shaw, having been committed to jail upon the warrant, was discharged from custody upon a writ of *habeas corpus* issued out of the district court. From the order of discharge the state appeals. *State* v. *Buckham*, 29 Minn. 462.

Gen. St. 1878, c. 65, § 171, provides that in cases of criminal conviction "the justice shall enter judgment for the fine and costs against the defendant, and may commit him until the judgment is satisfied, or issue execution on the judgment to the use of the county." The defendant was duly convicted and sentenced, and his appeal is at an end. He has not paid the fine. Why should he not submit to the commitment as the legal and necessary consequence? Nothing has occurred to excuse or relieve him. The statute fixes no time within

which the commitment must issue, any more than it does a time within which the execution provided for shall issue; and, as the whole matter is regulated by statute, there is nothing, so far as we can see, to prevent the issue of the commitment or execution, as the case may be, at any time before the payment of the fine, except during the pendency of an appeal. In other words, so long as the judgment stands and is unexecuted, the right to execute it subsists.

We think the order discharging Shaw was erroneous, and it is accordingly reversed.