*Ex parte* JOHN ELDRIDGE.

No. A-502.  Opinion Filed February 11, 1910.

(106 Pac. 980.)

1.  **SENTENCE—Essential Elements—Time.** The time fixed ·for execution of a sentence, or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, forms no part of the judgment and sentence, which is the ·penalty of the law as declared by the court; while the direction with respect to the time of carrying it into effect is in the nature ·of an award of execution, so that, where the penalty is imprisonment, the sentence may be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority.

2.  **SENTENCE—Subsequent Arrest of Convict at Large.** Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and ordered into custody on the unexecuted judgment.

3.  **SENTENCE—Execution — Expiration of Time.** Expiration of time without imprisonment is in no sense an execution of the sentence.

(Syllabus by the ·Court.)

Application of John Eldridge for a writ of *habeas corpus.* Denied.

*J. R. Scott* and *P. W. Cress,* for petitioner.

*Fred S. Caldwell,* Counsel to the Governor, and *Chas. R. Bostick,* Co. Atty., for the State.

DOYLE, JUDGE.  Petitioner, John Eldridge, on December 23, 1909, filed in this court a petition wherein he avers that he is unlawfully restrained of his liberty by one A. C. Nicewander, sheriff of Noble county, at and in the common jail of said county.

The petition sets forth that petitioner was tried and convicted in the county court of Noble county for a violation of the prohibition law.  The judgment entered in part recites:

"It is therefore by the court considered, ordered, and adjudged that the said defendant, John Eldridge, for said offense by him committed, be confined in the county jail of Noble county, Oklahoma, at hard labor, for the period of thirty days, and that he pay a fine of $50 and the costs of prosecution taxed at the sum of $19.25, and, if said fine and costs be not paid, that said defendant be confined in said county jail of Noble county for an additional period of 39 days, until said fine and costs be fully satisfied, and execution issue for said fine and costs. It is further ordered by the court that said term of imprisonment shall begin and date from the date of his, defendant's, surrender to or arrest by the sheriff of Noble county, for the purpose of such imprisonment."

The defendant prayed an appeal. The court fixed the amount of bail bond at $500, which bond was given and approved and the court extended the time for making and serving a case-made 90 days, the same to be filed in the Criminal Court of Appeals within 120 days. Thereafter, on March 1st, for good cause shown, the court allowed a further extension of 60 days in which to make and serve a case-made. Said case-made was not served within the time allowed, and no appeal was taken. On the 9th day of December, 1909, the county court made the following order in said cause:

"Now on this 9th day of December, 1909, Chas. R. Bostick, county attorney, appears for the state, and it is made to appear to the court that judgment and sentence in this case was pronounced against the defendant on the 4th day of December, 1908, and that on said date an appeal to the Criminal Court of Appeals of Oklahoma was granted to the defendant on his request, and that subsequent to said time, to wit, on the 16th day of December, 1908, said defendant filed in this court his bond for stay of execution of judgment as fixed by the court, which was duly approved; and the defendant duly released thereon. And it further appearing to the court that the time for taking an appeal to the Criminal Court of Appeals, to wit, a period of one year from date of judgment, has expired, and that said defendant has not perfected his appeal to said court, and that he has not surrendered himself to the sheriff or any other officer of this court for the fulfilment of said judgment and sentence, and that he has not paid or satisfied the same in any manner

whatever, it is therefore considered, ordered and adjudged by the court that the sheriff of Noble county arrest said defenedant, and detain him in the county jail of Noble county in accordance with the judgment and sentence pronounced against said defendant, and that the clerk of this court forthwith deliver to the sheriff of Noble county a duly certified copy of said judgment and sentence, and of this order, and that said certified copies shall be full warrant and authority to the said sheriff for the arrest and detention of said defendant. H. E. St. Clair, County Judge."

Upon this order of the court a commitment issued and the defendant was on said day taken into custody.

It is further averred that said county court was without jurisdiction to issue said order of commitment for the reason that the time for perfecting said appeal expired June 4, 1909, and that defendant was within the jurisdiction of said court at all times, and that by operation of law his sentence began upon the expiration of time allowed to file a petition in error with case-made attached in this court or at the farthest the maximum time, 120 days, from June 11, 1909, at which time the act fixing the time in which an appeal must be taken took effect, in which event his sentence began to run October 10, 1909, and continued to be in full force and operation from that day until December 19, 1909, at which time the judgment and sentence of the court had been fully satisfied. Copies of all the proceedings and of the judgment and order of the court and of the commitment were attached to and made a part of the petition.

Counsel for the state filed a general demurrer on the ground that said petition does not state facts sufficient to entitle petitioner to the relief prayed for.

Counsel for petitioner rely upon the doctrine declared by the Supreme Court in the case of *Ex parte Clendenning,* 1 Okla. Cr. 227, 97 Pac. 650, 19 L. R. A. (N. S.) 1041. As we view it, the doctrine of that case is not applicable to the case at bar. In the Clendenning case the judgment was that the defendant pay a fine of $75 and costs, and be imprisoned 30 days in jail, After judgment the court suspended the jail sentence during good behavior, and the defendant on this condition was discharged.

Some six months later at a subsequent term of the court, the suspension of the jail sentence was set aside and annulled, and the judgment and sentence ordered enforced. The question there presented was:

"Whether or not a court after delivering its judgment and sentence in a criminal case may stay the same, in the absence of appeal or other legal proceedings taken, looking to its modification, and after the term at which it was rendered had expired, and after the time embraced therein has elapsed, whether it has jurisdiction to then issue commitment in execution of its judgment, and incarcerate the defendant thereunder."

The Supreme Court in an elaborate and instructive opinion by Justice Dunn held that:

"The court has no power or jurisdiction after the expiration of time of the sentence and of the term of court when rendered to call it back and issue a commitment thereunder."

Let us assume a void bail bond is given and approved as a *supersedeas* in a criminal case, a common occurrence, and after the expiration of the period of time fixed by the sentence this defect is discovered, under the doctrine of the Clendenning Case, would the defendant be entitled to his discharge? We think not. Such is not the law.

In the case at bar an appeal was attempted to be taken to this court and a recognizance was taken after conviction for the appearance of the defendant to answer any judgment rendered by the Criminal Court of Appeals of Oklahoma, or of the county court of Noble county in the further progress of said cause. The judgment itself specifically provides:

"That said term of imprisonment shall begin and date from the date of his, defendant's, surrender to, or arrest by the sheriff of Noble county for the purpose of such imprisonment."

The date fixed by a sentence for the punishment to commence is directory merely, and forms no part of the sentence itself; hence, if from any cause it is not carried into effect at the period named, the party may be brought before the court again upon motion, and a new period be prescribed. It was held by

this court in the case of *William Ridley v. State, ante,* p. 350, 106 Pac. 553, that:

"Under the provisions of Procedure Criminal, article 14, c. 89, Snyder's Comp. St. 1909, after a plea or verdict of guilty the court must render judgment, and assess the punishment or penalty prescribed by law. The time fixed for executing a judgment and sentence or for the commencement of its execution is not one of its essential elements, and strictly speaking, is not a part of the judgment and sentence. The essential part of the judgment is the punishment, and the amount thereof, without reference to the time when it shall be executed. Except in cases where the defendant has been convicted of two or more offenses before judgment on either, the order of the court in reference to the time when the sentence shall be executed is not material."

Our statute on the subject is simply declaratory of the common law, and where the judgment and sentence is imprisonment for a certain term, and from any cause the time elapses without the imprisonment being endured, it would still be a valid, subsisting unexecuted judgment.

"The judgment is the penalty of the law, as declared by the court, while the direction with respect to the time of carrying it into effect is in the nature of an award of execution. Where the penalty is imprisonment, the sentence of the law is to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. The expiration of time without imprisonment is in no sense an execution of the sentence." (*Ex parte Collins,* 8 Cal. App. 367, 97 Pac. 188; *State v Cockerham,* 24 N. C. 204; *Dolan's Case,* 101 Mass. 222.)

"Where the convicted defendant is at liberty and has not served his sentence, if there be no statute to the contrary, he may be rearrested as an escape, and ordered into custody upon the unexecuted judgment." (1 Bishop, New Crim. Proc. Par. 1384; *In re Shaw,* 31 Minn. 44, 16 N. W. 461; *Ex parte Vance,* 90 Cal. 208, 27 Pac. 209, 13 L. R. A. 574; *People v. Patrich,* 118 Cal. 332, 50 Pac. 425.)

When the county court of Noble county issued the order of commitment, there was a valid, subsisting, unexecuted judgment against the defendant, and while the defendant was at all times within the jurisdiction of the court, upon his failure to perfect

his appeal, he did not demand that the judgment and sentence be carried into execution. The judgment being valid and the sentence unserved, the commitment of the defendant in execution of the judgment was a legal and valid imprisonment.

For the reasons stated, the demurrer is sustained, and the application for writ of *habeas corpus* is denied.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.