## *Ex parte* JOHN ALEXANDER.

No. A-1034.    Opinion Filed March 7, 1911.

(113 Pac. 993.)

1.  **HABEAS CORPUS—Authority for Restraint—Commitment.** A person held under a warrant of commitment issued by a county court upon the judgment and sentence of said county court is not entitled to his release on habeas corpus, where said county court had jurisdiction to render the judgment upon which the warrant of commitment issued, when the term of commitment has not expired.

2.  **SENTENCE—Execution.** The time fixed for execution of a sentence, or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, forms no part of the judgment and sentence, which is the penalty of the law as declared by the court; while the direction with respect to the time of carrying it into effect is in the nature of an award of execution, so that, where the penalty is imprisonment, the sentence may be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority.

3.  **SENTENCE—Arrest of Accused to Serve.** Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as an escape and ordered into custody on the unexecuted judgment.

(Syllabus by the Court.)

Application of John Alexander for a writ of *habeas corpus.* Writ denied.

*W. S. Pendleton,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE.    This case is an application for writ of *habeas corpus* that was presented to Hon. Henry M. Furman, Presiding Judge, asking the discharge of John Alexander, who is held under a warrant of commitment of the county court of Pottawatomie county, issued upon a judgment and sentence of said county court pronounced and rendered on the 8th day of June, 1909, for having in his possession in the said county intoxicating liquors for the unlawful purpose of selling the same; the punish-

ment fixed by said judgment being imprisonment for 30 days, and a fine of $50 and costs, which warrant of commitment was issued on the 10th day of February, 1911.

Petitioner alleges that said imprisonment is illegal, in this:

"First. That said sentence was not cumulative, and failed to specify any date at which it should go into effect, and therefore, as your petitioner is advised and believes, went into effect immediately. But that afterwards on, to wit, the 18th day of the said June, 1909, petitioner filed his bond for appeal in said cause, which was duly approved by the court. That petitioner failed to perfect his appeal, and said bond therefore, as petitioner is informed and believes, ceased to stay the judgment after the 8th day of June, 1909. That petitioner was at all times after the said 8th day of June, 1909, living and being in the city of Shawnee, in the county and state aforesaid, as was well known to the county officers, was not a fugitive from justice, and in no manner evading nor seeking to evade arrest. Wherefore he believes that his said sentence had expired and has been fully satisfied before his arrest on, to wit, the 10th day of February, 1911, as aforesaid. Second. That petitioner had also been convicted and sentenced on, to wit, the 18th day of May, 1909, in the said county court of said county, for another offense of having in his possession intoxicating liquors for the purpose of sale, from which sentence petitioner appealed to this honorable court. That, on to wit, the 10th day of December, 1910, this honorable court dismissed the said appeal and issued its mandate to the court below. That thereafter on, to wit, the ——— day of December, 1910, a warrant of commitment was issued against petitioner in said cause No. 442, and he was at once arrested by virtue thereof, and was imprisoned and held to hard labor thereunder for a period of about 56 days up to the said 10th day of February, 1911, when he was released by virtue of an order of this honorable court staying said mandate. Wherefore petitioner believes that, if the said sentence in cause No. 694 had not been satisfied, it ran concurrently with cause No. 442 and his said imprisonment in said cause No. 442 also satisfied the sentence in 694, and he prays that this honorable court issue its writ of *habeas corpus* directed to E. A. Pierce, sheriff of said county, commanding him to bring the body of petitioner before this court at once, and show cause why petitioner should not be discharged.

Petitioner says that the said warrants are in the hands of the road boss, and petitioner cannot get copies of the same without inconvenience and loss of time."

Said petition was duly verified on February 24, 1911.

Counsel for petitioner in his brief states:

"We need only to cite the very able opinion of Justice Dunn, in the *Clendenning Case*, 1 Okla. Cr. 227, 97 Pac. 650 [19 L. R. A. (N. S.) 1041], and his masterly analysis of the authorities. In such case the defendant is at liberty by the implied consent of the court, or more properly of the state, and, if he remains so until the period fixed in the sentence for his imprisonment has expired, his sentence is regarded as having been executed as much as if he had actually served the sentence in prison."

We are of opinion that said petition does not state facts sufficient to entitle petitioner to the relief prayed for. Section 6207, Snyder's Comp. Laws 1909, provides:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * * Second. Upon any process issued on any final judgment of a court of competent jurisdiction. * * * Fourth. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."

The contention of petitioner's counsel that the term of commitment has expired is not well founded. The question presented has been squarely passed upon by this court in the case of *Ex parte Eldridge*, 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, wherein the court said:

"Let us assume a void bail bond is given and approved as a supersedeas in a criminal case, a common occurrence, and, after the expiration of the period of time fixed by the sentence, this defect is discovered, under the doctrine of the Clendenning case, would the defendant be entitled to his discharge? We think not. Such is not the law. In the case at bar an appeal was attempted to be taken to this court, and a recognizance was taken after conviction for the appearance of the defendant to answer any judgment rendered by the Criminal Court of Appeals of Oklahoma or of the county court of Noble county in the further progress of

said cause. The judgment itself specifically provides: 'That said term of imprisonment shall begin and date from the date of his, defendant's surrender to, or arrest by the sheriff of Noble county for the purpose of such imprisonment.' The date fixed by a sentence for the punishment to commence is directory merely, and forms no part of the sentence itself. Hence, if from any cause it is not carried into effect at the period named, the party may be brought before the court again upon motion, and a new period be prescribed. It was held by this court in the case of *William Ridley v. State, ante,* page 350, 106 Pac. 553 [26 L. R. A. (N. S.) 110], that: 'Under the provisions of Procedure Criminal, art. 14, c. 89, Snyder's Comp. Laws 1909, after a plea or verdict of guilty, the court must render judgment, and assess the punishment or penalty prescribed by law. The time fixed for executing a judgment and sentence or for the commencement of its execution is not one of its essential elements, and, strictly speaking, is not a part of the judgment and sentence. The essential part of the judgment is the punishment, and the amount thereof, without reference to the time when it shall be executed. Except in cases where the defendant has been convicted of two or more offenses before judgment on either the order of the court in reference to the time when the sentence shall be executed is not material.' Our statute on the subject is simply declaratory of the common law, and where the judgment and sentence is imprisonment for a certain term, and from any cause the time, elapses without the imprisonment being endured, it would still be a valid subsisting unexecuted judgment. 'The judgment is the penalty of the law, as declared by the court while the direction with respect to the time of carrying it into effect is in the nature of an award of execution. Where the penalty is imprisonment, the sentence of the law is to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. The expiration of time without imprisonment is in no sense an execution of the sentence.' *Ex parte Collins,* 8 Cal. App. 367, 97 Pac. 188; *State v. Cockerham,* 24 N. C. 204; *Dolan's Case,* 101 Mass. 222. 'Where the convicted defendant is at liberty and has not served his sentence, if there be no statute to the contrary, he may be rearrested as an escape, and ordered into custody upon the unexecuted judgment.' 1 Bishop, New Crim. Proc. par. 1384; *In re Shaw,* 31 Minn. 44, 16 N. W. 461; *Ex parte Vance,* 90 Cal. 208, 27 Pac. 209, 13 L. R. A.

574; *People v. Patrich*, 118 Cal. 332, 50 Pac. 425. Our statute provides that where judgments are rendered contemporaneously (section 6916, Snyder's Comp. Laws 1909) that: 'If the defendant have been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses.' "

That is not this case. The defendant was first sentenced on the 18th day of May, 1909, in said county court, and the second sentence was rendered on the 8th day of June, 1909, and neither judgment and sentence has been fully executed or satisfied. When the county court of Pottawatomie county issued the order of commitment in cause No. 694, there was a valid, subsisting, unexecuted judgment against the defendant, and, while the defendant may have been at the times mentioned within the jurisdiction of the court, upon his failure to properly perfect an appeal, he did not demand that the judgment and sentence be carried into execution. The judgment being valid, and the sentence unserved, the commitment of defendant in execution of the judgment and sentence constitutes a legal and valid detention.

For the reasons stated, the application for a writ of *habeas corpus* is denied.

FURMAN, Presiding Judge, and ARMSTRONG, Judge, concur.