*Ex parte* BOB OLIVER.

No. A-2432. Opinion Filed June 8, 1915.

1.    PARDON — Power to Pardon — Where Vested. County judges, county attorneys, and sheriffs have no power or authority to pardon persons convicted in the courts of this state. The power to pardon after conviction, is under the constitution, vested exclusively in the Governor.

2.    SENTENCE AND COMMITMENT—Execution—When Satisfied. The time fixed for execution of a sentence, or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, forms no part of the judgment and sentence, which is the penalty of the law as declared by the court; while the direction with respect to the time of carrying it into effect is in the nature of an award of execution, so that, where the penalty is imprisonment, the sentence may be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority.

3. **SAME—Lapse of Time.** Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and ordered into custody on the unexecuted judgment.

4. **SAME—Expiration of Time.** Expiration of time without imprisonment is in no sense an execution of the sentence.

Petition of Bob Oliver for writ of *habeas corpus.* Writ denied.

The petition filed on behalf of said Bob Oliver alleges that he is unlawfully imprisoned in the county jail of Pottawatomie county by F. E. Romberg, sheriff of said county. It is further averred in said petition that:

"The cause of said restraint, according to the best knowledge and belief of your petitioner, is that said sheriff of Pottawatomie county is so unlawfully restraining said petitioner under a pretended order of commitment issued in case No. 1909 out of the county court of Pottawatomie county, state of Oklahoma, said case being styled 'State of Oklahoma v. Bob Oliver,' charging this defendant with violating the prohibition law, by selling whisky. Said complaint was filed in said county court on the 7th day of February, 1912. That on the 5th day of March, 1912, said case came on for hearing in regular order, in open court before Ross F. Lockridge, county judge of said county, said state being represented by R. P. Wyatt, assistant county attorney, defendant entered a plea of guilty and the court rendered judgment and sentence thereon assessing his fine at five hundred ($500) dollars and imprisonment for 180 days. A true and correct certified copy of said judgment and sentence is hereto attached, marked 'Exhibit A' and made a part hereof. That a commitment was duly issued out of said court on said judgment and sentence aforesaid, committing this defendant to the custody of the sheriff of Pottawatomie county, in execution of said judgment. A certificate of the clerk of the court is hereto attached which shows the issuance of commitment as aforesaid and further showing that no return of said order of commitment has ever been made. Said certificate is hereto attached marked 'Exhibit B' and made a part hereof. That at the time of said judgment and sentence it was the understanding and agreement between the defendant, the county attorney, sheriff, and county judge aforesaid, that no appeal would be taken by the defendant from said judgment. That in pursuance of said agreement, which was oral, defendant did

not file a motion for new trial or stay of judgment, or give any notice of appeal or make an appeal or stay bond and he took no steps whatever to have said case reviewed or judgment stayed. That after the rendition of said judgment aforesaid, and by the joint consent of and in pursuance to an oral agreement of Ross F. Lockridge, the duly elected, qualified, and acting county judge of Pottawatomie county, state of Oklahoma, and R. P. Wyatt, the duly elected, qualified, and acting sheriff of Pottawatomie county, state of Oklahoma, said defendant was released from the custody of said sheriff aforesaid.

"Petitioner further states that at no time since the 5th day of March, 1912, the date of the judgment and sentence aforesaid, down to the present time has he concealed himself from the officers of Pottawatomie county, Oklahoma, but that the portion of said time which he remained away from said county was with the consent of the officers of said county above named and at their solicitation. That at no time since the rendition of said judgment up to the present time has he concealed himself from the officers of said county or been a fugitive from justice.

"Petitioner alleges that since the 1st day of September, 1914, to the present time he has resided continuously in the city of Tecumseh, Pottawatomie county, state of Oklahoma.

"Petitioner alleges that the said F. E. Romberg, sheriff of said county, is so unlawfully restraining him of his liberty under the pretended order of commitment issued on the 24th day of March, 1915, in said case No. 1919 in the county court of Pottawatomie county, state of Oklahoma, being styled 'State of Oklahoma v. Bob Oliver,' and that is the sole and only charge and reason for such unlawful restraint.

"Your petitioner alleges that said restraint is illegal and unauthorized because said judgment and sentence was rendered on the 5th day of March, 1912; at the time of said judgment it was understood and orally agreed between the defendant, the county judge, county attorney, and sheriff aforesaid that no appeal would be taken, no appeal bond or notice of appeal given, no stay bond given. An order of commitment was duly and regularly issued on said judgment and sentence, no return made thereon; and under said oral agreement defendant was released from custody of sheriff after judgment and sentence aforesaid, the time of sentence of imprisonment and for fine and costs has long since run from the date of judgment and sentence aforesaid, the 5th day of March, 1912.

"Wherefore your petitioner prays your honorable court to grant a writ of *habeas corpus;* that he be discharged without delay from such unlawful imprisonment."

On behalf of respondent a demurrer to the petition was filed. The case was argued orally and ten days allowed to file briefs.

*Arrington & Arrington,* for petitioner.

*Chas. W. Friend,* Co. Atty., and *Clarence Robison,* Asst. Co. Atty., for the State.

DOYLE, P. J. The petitioner Bob Oliver, having been legally charged and being personally present in open court, on being arraigned entered a plea of guilty. On the 5th day of March, 1912, judgment was entered and he was sentenced to be confined, in the county jail of Pottawatomie county for a period of six months and to pay a fine of five hundred dollars, and in default of the payment thereof to stand committed to the county jail for such additional period of time as would satisfy said fine. A commitment was issued, but the petitioner was not taken into custody by the sheriff and no return was ever made on said commitment. On the 24th day of March, 1915, another commitment was issued on the judgment, under which the petitioner was taken into custody by the sheriff.

The petitioner avers that at the time of entering judgment it was understood and orally agreed between the county judge, county attorney, and· sheriff that he should leave the county. That he did so leave, and did not return until the first day of September, 1914, and that he has since continuously resided in said county.

The contention on behalf of the petitioner is that the judgment and sentence has been fully satisfied by reason of said agreement; that he did not file a motion for a new trial or in arrest of judgment or give notice of appeal, and that no order was entered suspending the sentence; that therefore the sentence began to run and the period of imprisonment began in contemplation of law at the date the judgment was rendered and the

first commitment issued, and for this reason the sentence can not now be enforced against him.

It has been held by numerous decisions in this court that the contention is not well founded. *Ex parte Alexander*, 5 Okla. Cr. 198; *Ex parte McClure*, 6 Okla. Cr. 241; *Ex parte Eldridge*, 3 Okla. Cr. 499, 106 Pac. 908, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967.

In the last case it was held that:

"The time fixed for execution of a sentence, or for the commencement of its execution is not one of its essential elements, and, strictly speaking, forms no part of the judgment and sentence, which is the penalty of the law as declared by the court; while the direction with respect to the time of carrying it into effect is in the nature of an award of execution, so that, where the penalty is imprisonment, the sentence may be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority.

"Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and ordered into custody on the unexecuted judgment.

"Expiration of time without imprisonment is in no sense an execution of the sentence."

In the instant case if the alleged agreement on the part of the court, county attorney, and sheriff with the petitioner could satisfy the judgment and sentence, it would in effect be an exercise of the power to pardon. The authority "to grant after conviction reprieves, commutations, paroles, and pardons for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper," is by the Constitution (art. 6, sec. 10, 159 Williams') vested exclusively in the Governor, and such action on the part of these officials was wholly unauthorized, and without authority of law.

We are unable to discover any reason for allowing the petitioner to profit by the unlawful agreement which he, as a party, assented to.

The petitioner has been at liberty all the time. The only way of satisfying a judgment judicially is by fulfilling its requirements. This cannot be waived, as here claimed, by the

officers of the court, whose duties with respect to its judgments are purely ministerial. The time of its execution was not of the essence of the judgment, unless the petitioner, by demanding that it be immediately carried out, made it such. It was his duty to surrender himself and submit to the penalty of the law, as well as that of the sheriff to inflict it; and, by taking advantage of the neglect of the latter, he cannot avoid the punishment which his wrongdoing will be assumed to have justly required. See *Miller v. Evans* (Iowa) 56 L. R. A. 101.

Counsel for the petitioner in their brief say "that if it were not for one slight difference in facts, the case of *Ex parte Eley,* 9 Okla. Cr. 76, 130 Pac. 821, would be exactly in point." The "slight difference in facts" alluded to appears, when examined, to be very material. In the Eley case there was conviction, commitment, and imprisonment. After the sentence was partly executed, the prisoner was told to go home. He went and there stayed under the supervision of the sheriff. As stated in the opinion, "The petitioner in this case was in the custody of the sheriff and subject to his call at all times, until the expiration of the prison sentence, and was in legal effect a 'trusty.'" In the case at bar the petitioner, with the connivance of the court and its officers, left the state and remained out of the jurisdiction of the court, and there can be no question that his status before his arrest on the commitment in question was that of an escaped convict, and for this reason the trial court was authorized to enforce its judgment by issuing said commitment.

It follows from the foregoing that the petitioner was rightly remanded to the custody of the sheriff to be dealt with as commanded in the judgment of the court. The writ of *habeas corpus* will, therefore, be denied.

FURMAN and ARMSTRONG, JJ., concur.