## Ex parte J. H. PORTER.

No. A-9198.   Feb. 5, 1937.
(64 Pac. [2d] 1235.)

328

C. E. B. Cutler, for petitioner.

Mac Q. Williamson, Atty. Gen., for respondent.

DOYLE, J. (after stating the facts as above). The petitioner is in the custody of the warden of the state penitentiary under sentence of confinement in the state penitentiary at McAlester for the term of seven years, pronounced and entered March 23, 1929, by the superior court of Okmulgee county, Henryetta division, in pursuance of the verdict of a jury finding him guilty of manslaughter in the first degree. The commitment in conformity with said judgment did not issue until September 1, 1936, on which date petitioner was committed to the custody of the warden of the state penitentiary.

In this proceeding petitioner by his counsel, C. E. B. Cutler, presented to this court on September 9, 1936, a petition averring that he is unlawfully imprisoned in the state penitentiary at McAlester for reasons stated.

Counsel in his brief says:

"The court officials were to blame for Porter's running at large at a time when he should have been locked up in prison; they intentionally planned for his running at large by telling him to remain subject to call of the

sheriff. They agreed that Porter's prison term was to run from the date of his sentence and fixed the day in his sentence and judgment, as follows:

" 'Said term of imprisonment to begin at and from the 23 day of March, A. D. 1929.' "

The contention on behalf of petitioner is that the sentence has been fully satisfied by reason of said agreement and by lapse of time. Citing Ex parte Eley, 9 Okla. Cr. 76, 130 Pac. 821, 823; In re Jennings (C. C.) 118 F. 479.

The uniform holding of this court is that the time fixed for the execution of a sentence, or the commencement of its execution, is not one of its essential elements, and where the penalty is imprisonment the sentence may be satisfied only by the suffering of the actual imprisonment imposed. Ex parte Eldridge, 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967; Ex parte Alexander, 5 Okla. Cr. 196, 113 Pac. 993; Ex parte Oliver, 11 Okla. Cr. 536, 149 Pac. 117, 119; Ex parte Smith, 17 Okla. Cr. 578, 190 Pac. 1092; Ex parte Smith, 33 Okla. Cr. 175, 242 Pac. 284. And see Ex parte Riggert, 33 Okla. 303, 125 Pac. 485.

In Ex parte Alexander, supra, it was held that:

"The time fixed for execution of a sentence, or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, forms no part of the judgment and sentence, which is the penalty of the law as declared by the court; while the direction with respect to the time of carrying it into effect is in the nature of an award of execution, so that, where the penalty is imprisonment, the sentence may be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority.

"Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and ordered into custody on the unexecuted judgment. * * *

" 'Expiration of time without imprisonment is in no sense an execution of the sentence.' "

In the case at bar a stipulation of facts was filed, supported by affidavit of J. Harry Swan, wherein affiant states that he was the superior court judge of Okmulgee county from 1923 to 1935, and was the presiding judge in the case of State v. J. H. Porter; that some time in 1931, said J. H. Porter reported to affiant and told him if he had to serve his sentence, he wanted it to begin at once; that he informed him that his sentence had already started, but to report to the sheriff, that he was subject to his command; that it was the understanding between the county attorney and officials, at the time of sentence, that it was to begin from the date as shown in the judgment; and as affiant is informed and believes, that said Porter did report to the sheriff, and that he was considered as a prisoner on leave by all of the officials of the county at the time.

It was further agreed that petitioner then returned to his home near the city of Seminole and continued to reside there until the sheriff on the commitment in question arrested him and delivered him to the warden.

In the case of Ex parte Oliver, supra, we said: "The only way of satisfying a judgment judicially is by fulfilling its requirements. This cannot be waived, as here claimed, by the officers of court, whose duties with respect to its judgments are purely ministerial."

In the Eley Case, supra, relied on, there was a conviction, commitment, and imprisonment. After the sen-

tence was partly executed, the prisoner was told to go home. He went and there stayed under the supervision of the sheriff. As stated in the opinion: "The petitioner in this case was in the custody of the sheriff and subject to his call at all times until the expiration of the prison sentence, and was in legal effect a 'trusty.' "

In the instant case, if the agreement on the part of the court, county attorney, and sheriff with the petitioner could satisfy the judgment and sentence, it would in effect be an exercise of the power to pardon.

The authority "to grant, after conviction, reprieves, commutations, paroles, and pardons for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper" is by the Constitution (article 6, § 10) vested exclusively in the Governor, and such action on the part of these officials was wholly unauthorized and without authority of law.

It follows from the foregoing, the judgment being valid and the sentence unserved, the commitment of petitioner in execution of the judgment was and is a legal and valid imprisonment.

For the reasons stated, the demurrer is sustained and the petition for writ of habeas corpus will be denied. It is so ordered.

DAVENPORT, P. J., and BAREFOOT, J., concur.