Ex parte JERRY GRIMM.

No. A-9375. Aug. 27, 1937.
(71 Pac. 2d 508.)

John V. Roberts, for petitioner.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Roy Holbird, Co. Atty., for the State.

BAREFOOT, J.  Petitioner alleges that he is unlawfully restrained of his liberty by Mason Hart, sheriff of Garfield county, Okla.  In his application it is alleged that petitioner was convicted on the 18th day of April, 1927, in the county court of Garfield county, Okla., for the crime of possession of intoxicating liquor, and was sentenced by said court to serve six months in the county jail of said county and to pay a fine of $500 and that he is now restrained by said sheriff on a commitment issued by the county judge of Garfield county on the 11th day of July, 1937, to serve out the unexpired term of said judgment and sentence.

It is. further alleged in said petition that petitioner on the 28th day of September, 1926, was convicted in the county court of Garfield county, Okla., for the crime of possession of mash and was on the 9th day of October, 1926, given a sentence of six months in the county jail and a fine of $500.

It is further alleged that on the 27th day of September, 1926, the petitioner was convicted in the county court of Garfield county of the crime of possession of a still

and on the 9th day of October, 1926, was sentenced to serve a term of six months in the county jail and to pay a fine of $500.

That in all of said above cases the defendant appealed to the Criminal Court of Appeals of this state, but the said appeals were dismissed for the reason that petitioner departed from the state and had become a fugitive from justice.

It is further alleged that on or about the 11th day of August, 1933, petitioner was returned by the officers of Garfield county to the state of Oklahoma, and an information was filed charging him with the possession of narcotics, and that on the 21st day of August, 1933, the defendant pleaded guilty to said charge and was sentenced by the district court of Garfield county to serve a term of two years in the penitentiary, which sentence has been served by said petitioner.

It is further alleged that on the 16th day of September, 1935, petitioner pleaded guilty in the district court of Garfield county to the crime of possession of narcotics and was sentenced to serve a term of two years in the penitentiary, which sentence has been served.

That on the 17th day of September, 1935, petitioner pleaded guilty in the district court of Garfield county to the crime of burglary in the second degree and was sentenced to serve a term of two years in the penitentiary, and which time has been served.

It is further alleged that petitioner escaped from the county jail of Garfield county on the 18th day of February, 1928, while being restrained in said jail for burglary in the second degree, and was a fugitive from justice until he was afterwards returned to the said jail and said

county and from there conveyed to the penitentiary to serve the terms above set out.

No evidence was offered in this case, but it was the contention of counsel for petitioner that he was entitled to be discharged for the reason that he was in the county jail and in the custody of the officers at the time that he was sentenced to the penitentiary in the different cases hereinbefore set forth, and that having been in the custody of the officers, that his time ran on the jail sentences while he was confined in the penitentiary.

This court, in the case of Ex parte Porter, 60 Okla. Cr. 327, 64 Pac. (2d) 1235, has decided this question contrary to the contention of petitioner. The first and second paragraphs of the syllabus in this case are as follows:

"1. Time fixed for execution of sentence or commencement of execution thereof is not essential element of sentence, and hence, where penalty is imprisonment, sentence may be satisfied only by suffering of actual imprisonment imposed.

"2. Convicted defendant who is at liberty and has not served sentence, which has not been stayed as provided by law, may be arrested as on escape and ordered into custody on unexecuted judgment and sentence."

This case fully discusses the propositions of law involved in this case, and the authorities are there cited which support the opinion of the court.

We are therefore of the opinion that the application for the writ of habeas corpus should be denied and it is so ordered.

DAVENPORT, P. J., and DOYLE, J., concur.