## Ex parte J. H. HILL.

No. A-11023.   April 21, 1948.
(192 P. 2d 849.)

Thad L. Klutts, of Oklahoma City, for petitioner.

Warren H. Edwards, County. Atty., of Oklahoma City, for respondent.

JONES, J. This is an original action in habeas corpus instituted by the petitioner, J. H. Hill, to secure his release from confinement in the county jail of Oklahoma county. The petitioner was tried and convicted in the district court of Oklahoma county of the crime of receiving stolen property. On appeal to this court, his conviction was affirmed. Hill v. State, 78 Okla. Cr. 384, 148 P. 2d 992. The mandate of the Criminal Court of Appeals was issued by the Clerk of Criminal Court of Appeals on June 27, 1944, and spread of record in the district court of Oklahoma county on July 1, 1944. No commitment was issued at the time the mandate was spread of record and nothing further was done in the case until a warrant was issued for the arrest of the petitioner on February 17, 1948, on which warrant the petitioner is now confined in the county jail of Oklahoma county

to serve the judgment and sentence of the district court of Oklahoma county, and the mandate of the Criminal Court of Appeals affirming said judgment of conviction.

The facts further disclose that at the time the mandate of the Criminal Court of Appeals was filed in the office of the court clerk of Oklahoma county, that the petitioner was a resident of Oklahoma county and listed in the telephone directory; that he had operated a business in Oklahoma City and had had occasion to be in the courthouse at various times on business during the period of time between July 1, 1944, and the date of his arrest on February 17, 1948.

Based on the above facts, petitioner contended that the district court of Oklahoma county had lost jurisdiction of the petitioner and jurisdiction to enfore the judgment which had been rendered by reason of the long lapse of time between the issuance of the mandate and the arrest of the petitioner.

We think this case is controlled by the decision of our court in the case of Ex parte Porter, 60 Okla. Cr. 327, 64 P. 2d 1235, and the other decisions of this court therein cited.

The law of that case as shown by the syllabus is as follows:

"The time fixed for the execution of a sentence, or the commencement of its execution, is not one of its essential elements and, where the penalty is imprisonment, the sentence may be satisfied only by the suffering of the actual imprisonment imposed.

"Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and

ordered into custody on the unexecuted judgment and sentence.

"Expiration of time without imprisonment is in no sense an execution of the sentence.

"Judges, county attorneys, and sheriffs have no power or authority to pardon persons convicted in the courts of this state. The power to pardon after conviction is, under the Constitution, vested exclusively in the Governor."

In the body of the opinion it is stated:

"The uniform holding of this court is that the time fixed for the execution of a sentence, or the commencement of its execution, is not one of its essential elements, and where the penalty is imprisonment the sentence may be satisfied only by the suffering of the actual imprisonment imposed. Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980, 27 L. R. A., N. S., 625, 139 Am. St. Rep. 967; Ex parte Alexander, 5 Okla. Cr. 196, 113 P. 993; Ex parte Oliver, 11 Okla. Cr. 536, 149 P. 117, 119; Ex parte Smith, 17 Okla. Cr. 578, 190 P. 1092; Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284. And see Ex parte Riggert, 33 Okla. 303, 125 P. 485.

"In Ex parte Alexander, supra, it was held that:

"'The time fixed for execution of a sentence, or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, forms no part of the judgment and sentence, which is the penalty of the law as declared by the court; while the direction with respect to the time of carrying it into effect is in the nature of an award of execution, so that, where the penalty is imprisonment, the sentence may be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority.

"'Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and ordered into custody on the unexecuted judgment. * * *

" ' "Expiration of time without imprisonment is in no sense an execution of the sentence." ' * * *

"In the case of Ex parte Oliver, supra, we said: 'The only way of satisfying a judgment judicially is by fulfilling its requirements. This cannot be waived, as here claimed, by the officers of court, whose duties with respect to its judgments are purely ministerial.' "

The case of Ex parte Tucker, 73 Okla. Cr. 124, 122 P. 2d 174, cited and relied upon by the defendant presented a peculiar state of facts where the prisoner presented himself to the sheriff's office and asked to be committed, but was refused and a period of eleven years elapsed before he was finally arrested. The factual situation in that case is so utterly different from the one in the instant case that we do not think the decision in the Tucker case should control in the disposition of the instant case. However, if there is anything in the opinion of Ex parte Tucker which is contrary to the views herein expressed, the same is modified to conform to the rules of law herein set forth.

For the foregoing reasons, the writ of habeas corpus is denied.

BRETT, J., concurs. BAREFOOT, P. J., concurs in conclusion.

BAREFOOT, P. J. I concur in the conclusion reached in the majority opinion, by reason of the facts presented in this case, but cannot agree to the statement: "The only way of satisfying a judgment judicially is by fulfilling its requirements."

If it is intended by this statement to hold that no act of the court can be had or done which causes the release of one charged with a crime without serving the sentence imposed, I cannot agree that this is the law.

There are many instances where by unreasonable delay on the part of courts by their acts and conduct it would be improper to force a defendant to actually serve a sentence which would be contrary to law and justice.

The case of Ex parte Tucker, 73 Okla. Cr. 424, 122 P. 2d 174, cited in the majority opinion, and cases cited therein, fully state the reason for the rule. Also my dissenting opinion in the case of Boykin v. State, 86 Okla. Cr. 175, 190 P. 2d 471.