Ex parte WILLIE EDWARDS.

No. A-11182. March 9, 1949.

(204 P. 2d 547.)

Wm. H. Lewis, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BAREFOOT, J. Petitioner, Willie Edwards, who is now serving a term in the State Penitentiary at Mc-Alester, has personally filed in this court a petition for writ of habeas corpus. Since filing his petition, he has employed counsel, and this case has been well briefed by both counsel for petitioner and the state.

To correctly discuss the issue presented it is necessary to give a short statement of the facts as presented by the record.

Petitioner, a negro citizen, was sentenced by the district court of Washita county in case No. 489, to the State Reformatory at Granite for a term of two years on a plea of guilty to a charge of larceny of domestic fowls. Only the information and judgment and sentence are shown in the files, the proceedings in the justice court not being shown.

While serving the above sentence, the defendant was charged in the district court of Greer county with the crime of assault with intent to kill, in case No. 2336, entered a plea of guilty, and was sentenced on September 20, 1929, to serve a term of two years in the State Reformatory at Granite, the sentence "to begin at the expiration of the sentence he is already serving there."

It appears from the record that the judgment and sentence was not formally entered in case No. 2336 on the date rendered, and on March 1, 1938, a judgment was

filed, signed by Judge T. W. Wise, who had succeeded District Judge T. P. Clay, the judge when sentence was imposed. It appears, however, that the minutes of the district court of Greer county are in the record, and they are as follows:

"The State of Oklahoma vs. Willie Edwards, No. 2336.

"Minutes of the Court.

"September 20, 1929: Enter call of case in open court. Defendant present and states he is unable to hire counsel; Court now appoints Percy Powers as attorney for the defendant; defendant now pleads guilty. The court assesses his punishment at 2 years in Okla. State Reformatory, to begin at the expiration of the sentence he is already serving there; defendant remanded to the custody of the sheriff and jail to be taken therefrom to the Okla. State Reformatory at Granite, Okla. to serve two years; said term to begin at the expiration of the 2 year sentence now being served by defendant; court fixes fee of Percy Powers at $25.00"

Before petitioner had completed serving the sentence in case No. 489, from Washita county, above referred to, and on November 15, 1929, information was filed in the district court of Greer county, charging petitioner with the crime of murder, committed within the walls of the State Reformatory at Granite, and on January 20, 1930, after trial and conviction, he was sentenced to serve a term of 40 years in the State Penitentiary at McAlester. On January 20, 1930, and prior to the completion of his two sentences to the reformatory at Granite, he was transferred to the penitentiary at McAlester, and there booked in to begin the serving of the 40 year sentence for murder. The judgment and sentence in this case is not shown by the records of the Greer county district court, but the minutes of the court are as follows:

"State of Oklahoma vs. Willie Edwards.

"Minutes of the Court.

"January 15, 1930: Enter call of case in open court; motion for new trial is presented; the court is of the opinion the same should be and now the court overrules same and defendant excepts; exceptions are allowed; and now the court passes sentence as follows: Court orders defendant be remanded to the custody of the sheriff and jail of Greer county there to remain until such time as he may be transported to the Oklahoma State Penitentiary at McAlester, Oklahoma, there to serve a term of 40 years for the offense committed; clerk directed to make entry on minutes and docket that exceptions and notice of appeal in open court; defendant in open court excepts to the court's order overruling motion for new trial, and to the passing of sentence and now in open court gives notice of appeal to Criminal Court of Appeals of the State of Oklahoma and for good cause shown, the Court grants defendant 90 days to prepare and file case made; 10 days thereafter for the State to suggest amendments to be settled upon 5 days notice by either party. Supersedeas bond fixed by court at $25,000."

It is conceded by both the state and the petitioner that petitioner has served sufficient time to satisfy the 40 year sentence imposed upon him by the district court of Greer county, allowance being made for time granted by the rules and regulations of the penitentiary for good behavior. This term expired on August 27, 1948.

The response discloses that petitioner was then held by the warden of the penitentiary to serve the two year sentence from Greer county in case No. 2336, and that the minimum discharge date on that sentence will be November 22, 1949, and that at the expiration of that date, petitioner is due to commence serving the balance of the unserved term on his first sentence, from Washita county in case No. 489, which has a balance of five months

and 20 days to run, making the minimum discharge date of petitioner May 12, 1950.

It is the contention of the state that petitioner is not entitled to his discharge until that date, and that he is, therefore, not illegally restrained of his liberty by the warden of the State Penitentiary at this time.

In an affidavit attached to his petition, petitioner states that he was not present in person at the time the judgment and sentence was signed by Judge W. T. Wise, on March 1, 1938, in case No. 2336; but that he was confined in the State Penitentiary at McAlester at that time, and was not returned to Greer county.

Petitioner's contention for his release at this time is stated in the brief of counsel, as follows:

"Since this petitioner has been in custody of the State of Oklahoma, since April 15, 1929, and was serving two years on his first sentence, and received another two-year sentence while serving his first two year sentence, which second two year sentence was by order of the court to commence at the expiration of his first two year sentence, and while still having a little more than 5-months yet to serve on his first two year sentence, the State of Oklahoma removed him to McAlester, Oklahoma, to serve a 40 year sentence, he certainly has served all his time, at least he constructively served the balance of the first two years, and all of the second two years. The authorities handled him the way they wanted to,—he had no voice in the matter. If they were anxious for him to serve all of the first and second two year sentences, then they should have allowed him to complete his first two year sentence, and then the second two year sentence, (which was stated in his judgment should commence on the expiration of the sentence he was then serving), and then commit him to the Penitentiary to serve the 40-year sentence. He has been in custody all this time."

In the case of Ex parte Tillman, 81 Okla. Cr. 332, 164 P. 2d 649, 650, this court had occasion to discuss the question of the proper manner and procedure to be followed in serving terms in the penitentiary where one has received two or more sentences. It was there said:

"The question presented is whether the petitioner is entitled to credit on the first sentence for the time which he has served since his commitment from the district court of Logan county, as it is conceded by the state that if he is entitled to this credit, he has already served more than enough time to earn his release from confinement on the first commitment from Stephens county.

"21 O.S. 1941 § 61 provides:

" 'When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.'

"In Ex parte Halbert, 45 Okla. Cr. 167, 282 P. 478, it is stated:

" 'Where there are one or more convictions and judgments thereon, the accused should be incarcerated upon the first conviction under which he is apprehended and delivered for imprisonment for the period of time therein named, followed by confinement for the fine and costs if same are not paid. At the end of that period of confinement, the imprisonment should commence upon the second conviction and terminate in like manner and so on.'

"In Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284, 285, it is stated in the opinion:

" 'Now where there are a series of convictions and judgments thereon, bearing in mind that our statute contemplates that each judgment shall be satisfied separately, and applying such provisions to this case, it would seem logical for the sheriff to confine the accused upon the first conviction for the period of imprisonment therein named, followed by confinement for the fine and costs therein named, in the event the same are not paid; that at the end of that period of confinement, the imprisonment named in the judgment upon the second conviction, and imprisonment for the fine and costs therein, would begin and terminate in like manner; and so with the third. This conclusion is deduced from and based upon the decisions cited and the provisions of sections 6332, 2782, 2774, and 2303, Comp. Stat. 1921, 28 O.S. 1941 § 101; 22 O.S. 1941 §§ 980, 976; 21 O.S. 1941, § 61.

" 'Decisions to the contrary in other states, and in this state prior to the passage of the 1913 statute herein referred to, will not control in the face of the policy outlined in the statutes and decisions cited.

" 'We hold, therefore, that under the conditions here shown the periods of imprisonment do not run concurrently, and that the first judgment must be satisfied in full before the second can be held to begin, and the second, before the third.' "

The facts in the Tillman case are not identical with the facts here presented, but the application of the principles announced causes us to hold that it would have been the correct practice for petitioner to have been entered at the State Penitentiary at McAlester to first serve the balance of his two-year term in case No. 489, from Washita county, and at the expiration of that term to serve the two-year term in case No. 2336 from Greer county, and then to serve the 40-year term in case No. 2354 from Greer county. By reason of the failure of the clerk at the State Penitentiary to enter the sentences in their proper order, should petitioner be discharged

prior to the time the sentences imposed upon him would be fully served? We think not. In the Tillman case, supra, we held that the proper procedure would be for the warden of the penitentiary to correct his records in that case, and we think that is the proper procedure in this case, in accordance with the terms above stated. Petitioner would then be entitled to his discharge on May 12, 1950.

In the case of Ex parte Porter, 60 Okla. Cr. 327, 64 P. 2d 1235, 1237, the court said:

"The uniform holding of this court is that the time fixed for the execution of a sentence, or the commencement of its execution, is not one of its essential elements, and where the penalty is imprisonment the sentence may be satisfied only by the suffering of the actual imprisonment imposed. Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980, 27 L.R.A., N.S., 625, 139 Am. St. Rep. 967; Ex parte Alexander, 5 Okla. Cr. 196, 113 P. 993; Ex parte Oliver, 11 Okla. Cr. 536, 149 P. 117, 119; Ex parte Smith, 17 Okla. Cr. 578, 190 P. 1092; Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284. And see Ex parte Riggert, 33 Okla. 303, 125 P. 485."

In the recent case of Ex parte Hill, 86 Okla. Cr. 318, 192 P. 2d 849, 851, Judge Jones says:

"Expiration of time without imprisonment is in no sense an execution of the sentence."

We are, therefore, of the opinion that under the facts here presented and the law applicable thereto, petitioner is not entitled to the writ, and the same is denied.

JONES, P. J., and BRETT, J., concur.