**Application of Billy Charles RICHARDSON for Writ of Habeas Corpus.**

**No. A–12754.**

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1959.

Billy Charles Richardson, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Petitioner, Billy Charles Richardson, is confined in the State Penitentiary at Mc-Alester. We have for consideration an original and a supplemental petition for writ of habeas corpus. We also have a response filed by the Attorney General in behalf of the Warden.

The facts do not appear to be in dispute. The law applicable to the facts forms the basis of disagreement.

The history of the case discloses that petitioner was first received in the Penitentiary on November 11, 1954, from Craig County under sentence of five years for burglary, second degree. Prior to completing that sentence, and on December 2, 1956, he escaped but was returned from Miami, Oklahoma, on December 22, 1956. While an escapee he got into further trouble and was sentenced by the district court of Ottawa County for grand larceny in two cases to serve four years in each case, the terms of imprisonment to run concurrently. Each judgment and sentence provided that such sentences should begin from the 19th day of December, 1956. The basis for the petition is bottomed on this fact, and will be treated as we proceed.

Petitioner was also charged in the district court of Pittsburg County with the larceny of an automobile at a time while he

was absent from the Penitentiary, and he entered a plea of guilty to that charge on February 21, 1957, and was assessed punishment of four years imprisonment in the state penitentiary.

When petitioner was returned to the penitentiary from his brief but eventful foray, the penitentiary authorities cancelled the credits that he had earned towards a reduction in time to be served on his original sentence from Craig County, and rebilled him to complete that sentence, and the records were marked to show that he should be held to serve the two concurrent sentences from Ottawa County upon completion of the Craig County sentence. The time of serving to commence, of course, upon completion of serving the Craig County sentence, rather than December 19, 1956, as stated in the two judgments and sentences. The record was further marked to show that defendant was to be held to serve the Pittsburg County sentence after completion of the Craig and Ottawa County sentences.

The record reflects that on July 8, 1958, petitioner was discharged on the Craig County case, but was rebilled under prison No. 61043 on the two Ottawa County convictions, running concurrently. These two sentences are presently scheduled by the penitentiary authorities to be completed on September 20, 1960, if the prisoner's record in the penitentiary is clean. Petitioner is scheduled to thereafter commence serving the Pittsburg County sentence.

■■■ It is the argument of petitioner that regardless of the Craig County sentence that he was serving when he escaped, that by reason of the provisions in the two Ottawa County judgments it was mandatory that his sentences from that court begin running from December 19, 1956, and that the Warden of the Penitentiary should have billed him in to serve such sentences at that time. The effect of such argument, of course, means that the Craig County sentence would either run concurrently, or he would have to be rebilled for completion of the Craig County sentence after serving the two Ottawa County sentences.

The supplemental petition is concluded with this statement:

"Petitioner finally alleges that the Warden of The State Penitentiary has assumed powers in his case which are reserved only for the Courts of the State of Oklahoma and that he is without authority in interpreting, changing or otherwise altering the date of commitment which is ordered by a duly impowered magistrate in a legal court for the State of Oklahoma, and further that as the result of the Warden's refusal to abide by the order of the District Court of Ottawa County as regards the date that petitioner's sentence would begin that he is now illegally held under the terms of the judgment and sentence of the court in the two cases above captioned."

The question presented has many times received the attention of this Court. It has from the early history of the Court been held that the time fixed for the execution of the sentence, or the commencement of its execution, is not one of its essential elements, and, strictly speaking, forms no part of the judgment and sentence, which is the penalty of the law as declared by the court; while the direction with respect to the time of carrying it into effect is in the nature of an award of execution, so that, where the penalty is imprisonment, the sentence may be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority. See Ex parte Eldridge, 3 Okl.Cr. 499, 106 P. 980, 27 L.R.A.,N.S., 625; Ex parte Porter, 60 Okl.Cr. 327, 64 P.2d 1235, and cases cited.

In the within case, therefore, it was the duty of the Warden to see that petitioner completed his Craig County sentence before he commenced subsequent sentences in order of precedence. Petitioner by his own misconduct made it impossible for his Ottawa County sentences to commence on December 19, 1956, because his Craig County sentence that had already taken precedence over any subsequent sentences, had not been served.

21 O.S.1951 § 61 provides:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

But even if the Warden had billed petitioner in on the two Ottawa County cases and required him to serve them, prisoner would have been required to complete serving the Craig County sentence thereafter, and then commence serving the Pittsburg County sentence. Whichever way he was billed in, petitioner could not escape serving the sentences from Craig, Ottawa and Pittsburg Counties.

In Ex parte Edwards, 88 Okl.Cr. 433, 204 P.2d 547, the prisoner was sentenced by the district court of Washita County to the State Reformatory at Granite for a term of two years. While serving that sentence he was charged in the district court of Greer County with the crime of assault with intent to kill, entered a plea of guilty and was sentenced to serve two years in the State Reformatory at Granite to commence on completion of the Washita County sentence. But before completing the first sentence petitioner was charged with murder committed within the walls of the reformatory, was convicted of manslaughter and sentenced to serve a term of forty years in the State Penitentiary at McAlester, and prior to completing the sentence was sent to McAlester, where he served the forty year sentence, and was then booked in to complete serving a balance of five months and twenty days on the Washita County sentence, and then to serve the two year sentence from Greer County.

In the Edwards case this Court held:

"Where there are two or more convictions and judgments thereon, accused should be incarcerated upon the first conviction under which he is apprehended and delivered for imprisonment for the time therein named, and, at the end of that period of confinement, imprisonment should commence upon the second conviction, and terminate in like manner, and so on for subsequent convictions. 21 O.S.1941 § 61.

"Time fixed for execution of sentence or commencement of execution thereof is not essential element of sentence, and where penalty is imprisonment, sentence may be satisfied only by suffering of actual imprisonment imposed.

"Expiration of time without imprisonment is not execution of sentence to imprisonment."

Writ denied.

NIX and BRETT, JJ., concur.