T. L. Martin, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

### Ex parte Charley WILLIAMS.

### No. A–13037.

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1961.

Charley Williams, pro se.

BUSSEY, Judge.

The petitioner, Charley Williams brings this original action in habeas corpus to secure his release from confinement in the Oklahoma State Penitentiary at McAlester. He alleges that said confinement is by virtue of a certain judgment and sentence entered against him by the Washington County District Court on October 10, 1960. He asserts that the court pronouncing said judgment and sentence was not qualified to act because the verdict of guilty was had by a jury in the year 1937, when a different judge was then presiding over the District Court of Washington County. Petitioner further says that he was not called for sentencing and therefore the case became dormant due to the lack of diligence in sentencing him. Petitioner prays this Court to arrest judgment and sentence in said cause and declare the same to be void.

To this application for writ of habeas corpus the present county attorney has presented to this court an affidavit signed by him stating that on the 15th day of August, 1936, Charley Williams was charged with the commission of the crime of Arson in the second degree, subsequently tried by a jury and found guilty with the punishment assessed to be a term of five years in the state penitentiary. The defendant was allowed to remain free on appearance bond and on the day set for sentencing did not appear. A bench warrant was issued and appearance bond declared forfeited. Attached to the affidavit of the county attorney of Washington County are certified copies of all the foregoing court records involved.

No further information on Charley Williams was had until 1960 when he and another man returned to Washington County, each using an alias name and embarked on a scheme of writing false and bogus checks from April 21, 1960, to May 6, 1960, when they left town without being apprehended. Subsequently Charley Williams was identified and apprehended in Idaho Falls, Idaho and returned to Oklahoma after the Idaho authorities waived jurisdiction to the State of Oklahoma. On the 10th day of October, the petitioner appeared before the Washington County District Court and had court appointed counsel to represent him. He entered a plea of guilty to the crime of false and bogus checks and was sentenced on that charge. Also, while present in court, the county attorney called the 1937 Arson conviction to the attention of the court. The court considered the file and passed sentence on the petitioner in accordance with the verdict of the jury. The petitioner through his attorney gave notice of intention to appeal, however, appeal in this matter was never taken.

The sole question for determination by this Court is whether or not the pronouncement of the judgment and sentence upon the conviction had in 1937 is valid. In the case of Ex parte Hill, 86 Okl.Cr. 318, 192 P.2d 849, this Court held that where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and ordered into custody on the unexecuted judgment and sentence. The court also stated that the time fixed for the execution of a sentence, or the commencement of its execution, is not one of its essential elements, and where the penalty is imprisonment, the sentence may be satisfied only by the suffering of the actual punishment imposed. Expiration of time without imprisonment is in no sense an execution of the sentence. See also the case of Ex parte Porter, 60 Okl.Cr. 327, 64 P.2d 1235.

Therefore, for the reasons stated herein the writ of habeas corpus applied for should be and the same is hereby denied.

NIX, P. J., and BRETT, J., concur.